RUBY C. MORRIS, ADMINISTRATRIX OF THE ESTATE OF DAVID CLAUDE CANNON, DECEASED v. ARCHIE LEE MINIX, HAROLD WESLEY MASON, KING BROTHERS FARM CENTER, INC., AND ELMER GREY DUDLEY

No. 693SC73

(Filed 28 May 1969)

**Automobiles § 62—  negligence in striking pedestrian — sufficiency of evidence**

In this action for personal injuries received when plaintiff pedestrian was struck by defendant's automobile, the evidence is sufficient to be submitted to the jury on the issue of defendant's negligence in failing to exercise due care to avoid colliding with a pedestrian in violation of G.S. 20-174(e) and does not disclose contributory negligence by plaintiff as a matter of law where it tends to show that plaintiff crossed the westbound lane of a highway at a point other than a crosswalk and started to cross the eastbound lane, that plaintiff stepped back into the westbound lane to allow a truck which had just entered the highway to pass, that while standing in that lane plaintiff was struck by defendant's automobile, that the visibility from the direction defendant was traveling to the point of impact was three-fourths of a mile, that defendant failed to blow his horn, and that no skid marks were found at the accident scene.

APPEAL by plaintiff from *Cohoon, J.,* at the 16 September 1968 Session of PITT Superior Court.

Plaintiff David Claude Cannon (Cannon) instituted this action by issuance of summons and filing of complaint on 9 August 1965. Cannon died 11 August 1965 and Ruby C. Morris, as administratrix, was substituted as plaintiff on 3 November 1965.

The complaint alleged that Cannon was injured by the concurring negligence of the defendants as he attempted to walk across N. C. Highway #102 near Ayden, N. C. Defendant Mason, operating a 1956 Ford, as agent for defendant Minix, was alleged to have been negligent in that he failed to sound his horn or slow his vehicle, as a reasonable and prudent man would have done, when he had observed Cannon on a road where visibility was unimpeded for more than 1,000 yards. Further, defendant Mason was negligent in failing to keep a proper lookout, operating his car at a speed unreasonable under the circumstances, and failing to decrease his speed when approaching an intersection at which special hazards existed. In an amended reply, plaintiff pled last clear chance.

Defendant Dudley, operating a truck as agent of the Farm Center, was alleged to have been negligent in driving the truck on the left-hand side of the road, failing to keep a proper lookout, and failing to keep his vehicle under proper control.

Defendants Minix and Mason answered 12 October 1965, denying the material allegations of the complaint, pleading the sole negligence of Cannon and, in the alternative, the contributory negligence of cannon.

Defendants Farm Center and Dudley answered 18 October 1965, denying the allegations of negligence and involvement in the collision, pleading the sole negligence of Cannon and contending that Cannon entered the road in front of defendant Mason after defendant Dudley had proceeded beyond the point of the accident.

Plaintiff offered evidence which, when taken in the light most favorable to her, tended to show the following: The accident occurred near the intersection of N. C. 102 and Rural Paved Road 1724, this intersection being located some three miles east of Ayden and being known as Cannon's Crossroads. N. C. 102 runs generally east and west while R.P.R. 1724 runs generally north and south. At the southwest corner is located Stokes' Grill. Near the southeast corner was located Cannon's Store and approximately opposite the store, northeast of the intersection, was the residence of Cannon. The front of Cannon's Store was some 100 feet from the intersection. Cannon, 77 years old, had walked across the westbound lane of N. C. 102 and had started to cross the eastbound lane. At that point, Cannon noticed the defendant Dudley, who had just pulled

away from the grill in the dump truck belonging to the Farm Center, heading east on N. C. 102. Cannon stepped back over the center line to allow the truck to pass and, while standing in the westbound lane, was struck by the car operated by defendant Mason. Plaintiff's evidence indicated that the defendant Dudley had just gotten past Cannon when he was struck by defendant Mason.

The evidence indicated that the accident happened around 9:45 a.m. on a cloudy day. The road from the east was straight and level, with visibility on this particular day of one-half to three-quarters of a mile. The road was a well-traveled road, but there was no evidence of other vehicles on this occasion. The shoulder of the road was wider than normal on both sides of the road, as there was an abandoned store yard on the north side of N.C. 102 and the yard of Cannon's Store on the south side.

One witness testified that he heard skidding tires; none of the witnesses heard a horn blow.

At the close of plaintiff's evidence, defendants' motions for nonsuit were granted. Plaintiff appealed from the judgment dismissing the action as to defendants Minix and Mason.

*Everett & Cheatham by James T. Cheatham and C. W. Everett, Jr., for plaintiff appellant.*

*Gaylord & Singleton by L. W. Gaylord, Jr., for defendant appellees Minix and Mason.*

BRITT, J.

The sole question presented is whether the superior court committed error in allowing the motions for nonsuit as to defendants Minix and Mason. This question requires a determination of the sufficiency of the evidence, considering the evidence in the light most favorable to the plaintiff, resolving contradictions in the evidence in her favor, and giving her the benefit of all reasonable inferences.

Statement of the principles governing this case is not difficult; however, application of these principles to the facts is extremely difficult, perhaps because of the lack of clarity in the facts.

The key statute is G.S. 20-174. Subsection (a) of that statute provides: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway." Subsection (e) provides: "Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due

care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

In *Price v. Miller*, 271 N.C. 690, 157 S.E. 2d 347, the Supreme Court quoted the following from *Williams v. Henderson*, 230 N.C. 707, 55 S.E. 2d 462:

" 'A motorist operates his vehicle on the public highways where others are apt to be. His rights are relative. Should he lapse into a state of carelessness or forgetfulness his machine may leave death and destruction in its wake. Therefore, the law imposes upon him certain positive duties and exacts of him constant care and attention. He must at all times operate his vehicle with due caution and circumspection, with due regard for the rights and safety of others, and at such speed and in such manner as will not endanger or be likely to endanger the lives or property of others. G.S. 20-140; . . .'

'He must operate his vehicle at a reasonable rate of speed, keep a lookout for persons on or near the highway, *Cox v. Lee, ante* (230 N.C. 155), decrease his speed when any special hazard exists with respect to pedestrians, (G.S. 20-141(c), and, if circumstances warrant, he must give warning of his approach by sounding his horn. G.S. 20-174(e); . . .' "

In the case at hand, the evidence favorable to the plaintiff indicates that Cannon had stepped back into defendant Mason's path in order to allow defendant Dudley to pass. The road may have been as narrow as eighteen feet, in which case a prudent man would be justified in stepping back beyond the center line to allow a large truck to pass, especially if unaware of any traffic in the other lane. Of necessity, the truck would not have attained great speed in the distance from the grill to the place where Cannon was standing. Since the jury could find that Cannon had stood in the northern lane the entire time while defendant Dudley approached and passed him, the jury would be reasonable in concluding that defendant Mason had ample opportunity to observe Cannon and to take evasive action. Defendant Mason had an adequate "escape route" via the northern shoulder of the road, while Cannon had none. Moreover, none of the witnesses heard a horn and no skid marks were found. The evidence favorable to the plaintiff presents a question for the jury on the negligence of defendant Mason. The parties stipulated that any negligence on the part of Mason is imputed to defendant Minix.

The evidence favorable to plaintiff does not disclose contributory negligence so clearly as to render any other reasonable conclusion impossible. Cannon may have been entirely reasonable in stepping back, depending partially on the width of the road and truck and on the location of the truck in relation to Cannon. The jury should decide the issue.

For the reasons stated, we hold that the trial court erred in entering judgment of involuntary nonsuit and dismissing the action as to defendants Minix and Mason, necessitating a

New trial.

CAMPBELL and MORRIS, JJ., concur.