MABEL DAVIS PETERSON v. LARRY DEAN TAYLOR, ALBERT LEE TAYLOR, AND ANNIE LEE TAYLOR

No. 7026SC514

(Filed 13 January 1971)

1. **Appeal and Error § 49— record fails to show what excluded testimony would have been**

    The exclusion of testimony cannot be held prejudicial when the record fails to show what the answer of the witness would have been.

2. **Automobiles § 46; Evidence § 41— parking lot collision — opinion testimony as to reasonable speed — province of jury**

    In this action for personal injuries arising out of an automobile collision in a shopping center parking lot, the trial court did not err in the exclusion of testimony by plaintiff's witness as to whether in his opinion a car could be operated in safety at 25 miles an hour in the traffic lane in which defendant was traveling in the parking lot, since it was ultimately for the jury, not the witness, to determine what speed would have been reasonable and prudent under the conditions involved in this case. G.S. 20-141(a).

3. **Appeal and Error § 51; Automobiles § 45; Damages §§ 3, 10— reference to insurance — remark by court — nonresponsive answer by plaintiff**

    In this action for personal injuries wherein plaintiff was asked on recross-examination if her employer had paid her any money while

she was out of work because of her injuries, statement by the trial court that "It isn't a question of any insurance or anything like that, but if they actually paid her any wages," and response to the question by plaintiff that "I have insurance," *held* not to constitute grounds for awarding plaintiff a new trial, the trial court's reference to insurance not being prejudicial, and plaintiff not being entitled to a new trial because of prejudice, if any, resulting from her own nonresponsive answer which placed the existence of insurance into evidence.

4. **Automobiles §§ 72, 90— parking lot collision — applicability of sudden emergency doctrine**

In this action for personal injuries received in an automobile collision in a shopping center parking lot at the intersection of the lot's entranceway and first traffic aisle, the trial court properly charged the jury on the doctrine of sudden emergency where the evidence, viewed in the light most favorable to defendants, would support a jury finding that defendant driver was operating his automobile in the parking lot aisle at a reasonable speed, and that plaintiff, without warning, suddenly drove her automobile on the entranceway directly into the path of defendants' automobile and stopped.

APPEAL by plaintiff from *McLean, J.*, 2 February 1970 Special Civil Session of MECKLENBURG Superior Court.

This civil action arises out of an automobile collision which occurred on Saturday afternoon, 23 September 1967, on the shopping center parking lot of Winn-Dixie Supermarket and Shamrock Drug Store located on the west side of The Plaza Road, Charlotte, N. C. The Plaza Road runs north and south. There is a two-lane entranceway, which runs east and west, leading into the parking lot at a right angle from the west side of The Plaza Road. Traffic at the intersection of the entranceway and The Plaza Road is controlled by traffic signal lights. In the parking lot there are two traffic aisles, each running north and south parallel to The Plaza Road. Spaces are marked for diagonal parking on each side of each of these aisles. On the aisle closest to The Plaza Road the parking spaces on each side are designed to be entered at a diagonal by automobiles moving in the aisle from south to north. The entranceway from The Plaza Road crosses the first aisle at a right angle and then proceeds on into the second aisle. At the time of the collision the parking lot was full.

Plaintiff drove her Chevrolet automobile south on The Plaza Road, stopped at a red traffic light at the entranceway to the parking lot, and when the light changed to green made a right-hand turn into the parking lot. The collision occurred on

the parking lot in the intersection formed by the entranceway crossing the first traffic aisle. The left front side of plaintiff's Chevrolet was struck by the right front of a Ford Mustang which was being driven north in the first traffic aisle by the minor defendant, Larry Dean Taylor, and which was owned by his parents, the adult defendants, as a family-purpose car. Plaintiff alleged in her complaint that the collision and her resulting injuries were proximately caused by the negligence of the minor defendant in failing to keep his vehicle under control, in driving at a speed greater than reasonable and prudent under the circumstances in violation of G.S. 20-141, in failing to keep a proper lookout, and in failing to turn, stop, or otherwise operate his car after he saw the Chevrolet in order to avoid collision. Plaintiff asked for compensatory damages for personal injuries suffered by her as a result of the collision.

Defendants answered, denying negligence on the part of the driver of the Ford Mustang and alleging that plaintiff was negligent in driving her automobile from a public street onto a parking lot without first ascertaining she could do so in safety, in failing to keep a proper lookout, in failing to keep her automobile under proper control, and in driving her automobile directly into the path of defendant's oncoming vehicle and stopping suddenly without warning. Defendants pleaded plaintiff's contributory negligence as a defense, and the adult defendants counterclaimed for damages to the Ford Mustang.

The jury answered the first and fourth issues as follows:

"1. Was the plaintiff injured by the negligence of Larry Dean Taylor, as alleged in the complaint?

"ANSWER: No

\*       \*       \*       \*       \*

"4. Was the automobile of the defendants, Albert Lee Taylor and Annie Lee Taylor, damaged by the negligence of the plaintiff, as alleged in the answer?

"ANSWER: No"

From judgment that plaintiff recover nothing of the defendants and that the adult defendants recover nothing of the plaintiff on their counterclaim, plaintiff appealed.

*Henderson, Henderson & Shuford, by Charles J. Henderson and William O. Austin for plaintiff appellant.*

*Sanders, Walker & London, by J. Robert Rankin and James E. Walker for defendant appellees.*

PARKER, Judge.

[1]  Appellant's first assignment of error, based on her exceptions 1 through 8, is directed to rulings of the trial court sustaining defendants' objections to certain questions asked by plaintiff's counsel concerning the opinion of two witnesses as to maximum safe speeds and customary speeds and practices for vehicles moving on the parking lot. As to the court's rulings to which appellant's exception No. 1 and exceptions Nos. 3 through 8 were taken, the record does not disclose what the witnesses' answers would have been had they been permitted to testify. The exclusion of testimony cannot be held prejudicial when the record fails to show what the answer of the witness would have been. *Gibbs v. Light Co.,* 268 N.C. 186, 150 S.E. 2d 207.

[2]  Appellant's exception No. 2 is directed to the trial court's sustaining defendants' objection to a question asked by plaintiff's counsel of one of plaintiff's witnesses, who was the police officer who investigated the collision and who had been present on the parking lot at the time of the collision but who did not see it. The officer testified that Larry Dean Taylor, driver of the Mustang, had told him at the time of the accident "that he was coming down the parking lane in a northerly direction at approximately 25 miles per hour." (Larry Dean Taylor later testified and admitted having made this statement to the officer, but testified that in his opinion he was traveling between 15 and 20 miles per hour as he approached the point where the accident occurred.) Plaintiff then asked this witness whether in his opinion "you could operate your car at 25 miles an hour in safety in a northwardly direction in that lane?" Defendants' objection to this question was sustained, and the witness answered for the record in the absence of the jury that in his opinion "a reasonable speed would not be in excess of ten miles per hour." We find no prejudicial error in sustaining defendants' objection to the question. G.S. 20-141(a) provides that no person shall drive a vehicle on any parking lot, etc., "at a speed greater than

is reasonable and prudent under the conditions then existing." It was ultimately for the jury, not for the witness, to determine what speed would have been "reasonable and prudent under the conditions" which existed at the time and place of the collision involved in this case. We note that the recollection of the witness concerning the width of traffic lanes, signs, and other physical characteristics of the parking lot differed in material respects from the recollection of other witnesses. From this conflicting testimony the jury was required to determine what conditions existed at the time and place of the collision. Having made such a determination, the jurors were as capable as the witness to make the further determination as to what speed was reasonable and prudent under the circumstances. We find no prejudicial error in the exclusion of the witness' testimony.

[3] Appellant's second assignment of error relates to the reference to insurance which was made during the course of the trial. This occurred in the following manner: On direct examination plaintiff testified that for many years prior to the accident she had worked continuously for Union Carbide, that after the accident she had been out of work because of her injuries for certain periods, and that she had lost wages in a total of $1,918.97 during such times. On recross-examination of plaintiff, defendants' counsel sought to ask her "if she wasn't paid some money during that time." Objection to this question was at first sustained, after which the record shows the following occurred:

"COURT: You want to ask her if the company paid her any money?

"MR. WALKER: Yes sir.

"COURT: Ask her that.

"Q. Mrs. Peterson, during the time you were out did the company pay you some money?

"MR. HENDERSON: Objection because the question of paying could go to many things.

"COURT: It isn't a question of any insurance or anything like that, but if they actually paid her any wages.

"Q. Coming from the company, if the company paid you any money. That is what I am asking you.

"COURT: All right.

"A. I have insurance.

"Q. I am not asking you what some policy, but did the company supplement whatever you had and pay you some amount yourself?

"MR. HENDERSON: If the court please, I don't know what he is driving at.

"COURT: Members of the jury, you step out to your room a minute."

The record indicates no further reference to insurance made during the course of the trial.

From the foregoing it is apparent that the mention of insurance became involved at the trial of this case only incidentally and while defendants' counsel was cross-examining plaintiff on an entirely different subject. He was attempting to ascertain whether plaintiff had received payments from her employer during the periods of her disability. Presumably his purpose was to use any such payments in mitigation of plaintiff's damages. We need not now decide whether he would have been entitled to do so (see Annotation, 7 A.L.R. 3d 516), since no such payments by plaintiff's employer were shown. Our Supreme Court has held that a defendant in a personal injury tort action is not entitled to have any damages which plaintiff might otherwise be entitled to recover against him reduced by the fact that plaintiff may have been wholly or partly indemnified by insurance to the procurement of which defendant did not contribute. *Young v. R. R.,* 266 N.C. 458, 146 S.E. 2d 441. In undertaking to assure compliance with this rule, the trial judge in the present case inadvertently made a passing reference to the subject of insurance. In the context of this case, such reference by the trial judge did not in our opinion constitute prejudicial error. It is apparent that the trial judge was attempting to keep out of evidence any testimony concerning insurance. That insurance of any type actually existed came into evidence solely by plaintiff's own nonresponsive answer. If any prejudice to plaintiff resulted, it was because of her own act. Her counsel made no motion to strike. Under the circumstances, plaintiff should not be entitled to have the verdict and judgment set aside and to subject defendants to a new trial for error, if any existed, which

Peterson v. Taylor

was largely of plaintiff's own making. Cases finding prejudicial error when the matter of liability insurance has been injected into a personal injury action (Stansbury, N. C. Evidence 2d, § 88) are not applicable, since it is apparent that the insurance which was briefly referred to in this case was not of that nature. We find no merit in appellant's second assignment of error.

[4] Appellant assigns as error that the court instructed the jury with respect to the doctrine of sudden emergency. In this connection appellant does not contend that the court's instruction as to the law was incorrect, but does contend that the doctrine did not arise on the evidence and therefore it was error in this case to charge on the doctrine at all. We do not agree. On the record before us it is our opinion that the doctrine did arise and that it was proper for the court to instruct the jury with respect to it. Plaintiff herself alleged, and offered evidence tending to prove, that "[t]he minor defendant failed to turn, stop or otherwise operate the said Ford automobile after he saw the Chevrolet automobile in order to avoid collision, but proceeded onward to collide with the helpless and halted car occupied by plaintiff." Plaintiff herself testified that "[t]here was room enough for Mr. Taylor to go around my car if he cut to the left as he approached me on the collision course." In turn, defendants alleged and offered evidence tending to prove that plaintiff "[d]rove her automobile directly and immediately into the path of defendant's on-coming automobile and stopped the same suddenly without warning when she knew or, in the exercise of due care, should have known that, by her actions, the collision between the two vehicles, would be inevitable." The evidence as to the speed at which the defendant driver was moving prior to the time plaintiff drove her car into the traffic lane in front of him is sharply conflicting. Viewed in the light most favorable to defendants, defendant driver was confronted with a sudden emergency which was not the result of any prior negligent conduct on his part. Viewed in the light most favorable to plaintiff, the situation was otherwise. The conflict was for the jury to resolve. The court's instruction left them free to do so. In instructing on the doctrine of sudden emergency, the trial court did properly "declare and explain the law arising on the evidence given in the case." G.S. 1A-1, Rule 51(a). Appellant's assignment of error with respect thereto is overruled.

Appellant assigns as error the overruling of her motion for a directed verdict on defendant's counterclaim. In our opinion the evidence was such as to require submission of issues on the counterclaim to the jury. In any event the jury answered the fourth issue, which related to the counterclaim, in appellant's favor.

We have carefully reviewed all of appellant's remaining assignments of error, and find no prejudicial error.

No error.

Chief Judge MALLARD and Judge HEDRICK concur.