STATE OF NORTH CAROLINA v. NATHANIEL GOVEN GRISSOM

No. 7319SC178

(Filed 14 February 1973)

**Automobiles § 113— striking child in yard — involuntary manslaughter**
    The State's evidence was sufficient for the jury in a prosecution for involuntary manslaughter where it tended to show that defendant's automobile went into a spin as it turned onto a dirt road, that it zig-zagged down the road over 340 feet at 50 mph, that it left the road, knocked down a wooden fence and struck and killed a child playing on a swing set in a yard beside the road, and that defendant's vehicle traveled a total of 32 feet from the road until it struck a house with enough force to move the house over an inch on its foundation.

APPEAL by defendant from *Armstrong, Judge,* 2 October 1972 Session of Superior Court held in CABARRUS County.

Defendant was convicted of involuntary manslaughter. He was sentenced to serve not less than seven nor more than ten years imprisonment.

*Attorney General Robert Morgan by Charles A. Lloyd, Assistant Attorney General for the State.*

*Davis, Koontz & Horton by Clarence E. Horton, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant's only contention on appeal is that the trial court erred in denying his motions for nonsuit made at the close of the State's evidence and renewed at the close of all the evidence. Defendant offered no evidence.

Taken in the light most favorable to the State, the evidence tended to show that on 4 June 1972 at about 3:50 p.m., a five-year-old girl, Tonda Renae Blake, was playing on a swing set

in the yard at 23 Flowe Street, located just outside the city limits of Concord. Flowe Street was a straight, sixteen feet wide, unpaved, dirt road in a residential area. The weather was clear and the road was dry. At this hour, at the intersection of Scotia Avenue and Flowe Street, defendant, driving a 1966 green Pontiac automobile, turned south from Scotia Avenue onto Flowe Street, went into a complete spin, then continued south on Flowe Street at a speed of approximately 50 miles per hour. Defendant's vehicle zigzagged down Flowe Street over 340 feet, at the same rate of speed, until it left the roadway, knocked down a wooden fence, damaged the swing set and struck and killed Tonda Renae Blake. Defendant's vehicle traveled a total of 32 feet from the roadway until it struck the house at number 23 Flowe Street with enough force to move the house one to one-and-one-half inches on its foundation.

Culpable negligence from which death proximately ensues, makes the actor guilty of manslaughter, and under some circumstances, guilty of murder. *State v. Colson,* 262 N.C. 506, 138 S.E. 2d 121. It is such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others. *State v. Weston,* 273 N.C. 275, 159 S.E. 2d 883; *State v. Rountree,* 181 N.C. 535, 106 S.E. 669. Speed in excess of that which is reasonable and prudent under the existing conditions is unlawful notwithstanding that the speed may be less than the limits proscribed by statute. G.S. 20-141.

There was ample evidence to permit the jury to find that defendant operated his vehicle at an excessive rate of speed. The evidence would also have permitted the jury to find that defendant violated the reckless driving statute, G.S. 20-140. Defendant's conduct constituted a manifest display of heedless indifference to the safety of others.

No error.

Judges BRITT and PARKER concur.