STATE OF NORTH CAROLINA v. MICHAEL GRADY MOORE, DEFENDANT

No. 911SC333

(Filed 15 September 1992)

1. **Appeal and Error § 147 (NCI4th)— no necessity for formal exceptions—issue preserved on appeal**

    In a prosecution of defendant for involuntary manslaughter, neither the Rules of Appellate Procedure nor the Criminal Procedure Act requires a party to except after the trial court has ruled adversely to that party on an objection *or* motion. Defendant's motion in limine was sufficient to preserve for appellate review the trial court's alleged error in allowing evidence that the victim was eight and one-half months pregnant, even though defendant did not make formal exceptions.

    **Am Jur 2d, Appeal and Error § 558; Trial § 485.**

STATE v. MOORE

[107 N.C. App. 388 (1992)]

**2. Evidence and Witnesses § 190 (NCI4th) — misdemeanor death by vehicle — evidence of victim's pregnancy — admission not error**

In a prosecution of defendant for involuntary manslaughter while driving under the influence of alcohol, the trial court did not err in allowing evidence that the victim was eight and one-half months pregnant, since the evidence was relevant to the defense of unavoidable accident and misadventure, as a pregnant woman near term is not able to move as quickly or as agilely as a woman who is not pregnant; evidence of pregnancy was not of such an inflammatory nature as to cause the jury to make its decision on an improper basis; and even if the evidence was irrelevant, defendant failed to show that, absent the admission of the evidence of the victim's pregnancy, the jury would have reached a different result. N.C.G.S. § 8C-1, Rule 401.

**Am Jur 2d, Evidence §§ 251, 260.**

**3. Evidence and Witnesses § 2366 (NCI4th) — expert testimony — improper limiting instruction — no prejudicial error**

Though the trial court in a prosecution for a misdemeanor death by vehicle erred in instructing the jury to consider the testimony of an expert in transportation engineering and accident reconstruction solely on the issue of proximate cause, defendant failed to show a reasonable possibility that the result of the trial would have been different if the error had not occurred. N.C.G.S. § 8C-1, Rules 702 and 704.

**Am Jur 2d, Evidence § 263.**

**4. Automobiles and Other Vehicles § 797 (NCI4th) — involuntary manslaughter while driving under the influence of alcohol — sufficiency of evidence**

In a prosecution of defendant for involuntary manslaughter while driving under the influence of alcohol, the trial court properly denied defendant's motion to dismiss where the evidence tended to show that defendant was driving his mini-van at night at 55 m.p.h. on a paved portion of a highway under construction and not open to the public; he struck and killed the victim; defendant told investigating officers and testified at trial that he had consumed beer and wine prior to the accident; two investigating officers were of the opinion that defendant was impaired; defendant did not know in which

lane he was driving when he struck the victim; defendant's expert testified that the victim should have been visible at a distance of 150 feet with defendant traveling with his headlights on low beam; and defendant testified that he did not see the victim and made no attempt to stop his vehicle or swerve to avoid hitting her.

**Am Jur 2d, Automobiles and Highway Traffic §§ 330, 344.**

**Alcohol-related vehicular homicide: nature and elements of offense. 64 ALR4th 166.**

5. **Automobiles and Other Vehicles § 789 (NCI4th) — involuntary manslaughter prosecution — lesser offense of misdemeanor death by motor vehicle — submission proper**

In a prosecution of defendant for involuntary manslaughter, the trial court did not err in submitting the charge of misdemeanor death by motor vehicle, since a reasonable person could conclude from the evidence that defendant failed to exercise due care to avoid striking the pedestrian victim in violation of N.C.G.S. § 20-174(e) and failed to operate his vehicle at a speed which was reasonable and prudent under the circumstances in violation of N.C.G.S. § 20-141(a), that defendant unintentionally caused the death of the victim while engaged in the violation of either statute, and that such violation proximately caused the death.

**Am Jur 2d, Automobiles and Highway Traffic § 342.**

**What amounts to negligence within meaning of statutes penalizing negligent homicide by operation of motor vehicle. 20 ALR3d 473.**

6. **Automobiles and Other Vehicles §§ 78, 786 (NCI4th) — misdemeanor death by motor vehicle — sentence to maximum active term — surrender of driver's license — proper sentence**

Where defendant was convicted of misdemeanor death by motor vehicle, the trial court did not err in imposing the maximum two-year sentence suspended on the conditions that defendant serve 120 days' active term and surrender his driver's license for five years, since the trial court was not required to find factors in aggravation and mitigation before imposing sentence, N.C.G.S. § 20-141.4(a2)(b), and surrender of defendant's driver's license was a reasonable condition of probation

STATE v. MOORE

[107 N.C. App. 388 (1992)]

directly related to and growing out of the offense for which defendant was convicted. N.C.G.S. § 15A-1343(b1)(4).

**Am Jur 2d, Automobiles and Highway Traffic § 342.**

APPEAL by defendant from Judgment entered 30 November 1990 by *Judge Thomas S. Watts* in CURRITUCK County Superior Court. Heard in the Court of Appeals 14 January 1992.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Linda Anne Morris, for the State.*

*D. Keith Teague, P.A., by D. Keith Teague, for defendant appellant.*

COZORT, Judge.

On 9 July 1990, defendant Michael Grady Moore was indicted for involuntary manslaughter for the death of a pedestrian in a motor vehicle accident. On 30 November 1990, a jury found defendant guilty of misdemeanor death by motor vehicle. Judge Thomas S. Watts imposed a two-year suspended sentence conditional on service of a 120-day active term and surrender of defendant's driver's license for five years. From the conviction and sentence, defendant appeals. We find no error.

At trial, the State presented evidence that, in June 1990, Highway 158 in Currituck County was being widened from two lanes to five lanes. On 8 June 1990, at approximately 10:00 p.m. defendant was driving north in a van in the outermost right lane, which was closed to traffic. Defendant's vehicle struck Elizabeth Rene Speight who was walking on the newly constructed roadway. The impact damaged the vehicle's hood and windshield directly in front of the driver's seat. Immediately after the impact, defendant stopped his vehicle on the side of the road. Highway Patrol Trooper W. M. Long arrived at the scene of the accident. Trooper Long identified defendant as the driver of the damaged vehicle and asked defendant to accompany him to the patrol car. During the initial encounter, Trooper Long noticed defendant smelled strongly of alcohol. While defendant waited in the car, Trooper Long investigated the accident scene. Highway Patrol Trooper A. C. Joyner arrived on the scene shortly after Officer Long and assisted in the investigation.

Upon his return to the patrol car, Trooper Long questioned defendant about the accident. Defendant stated that he did not know which lane he was driving in when he struck Ms. Speight and that "[s]he was just right in front of me." Defendant told Officer Long that he had consumed two beers prior to the accident, but that he had not had any alcohol since the accident. Trooper Long observed that defendant was confused about what happened in the accident, his face was flushed, his eyes were glassy, his speech slurred, and his sentences unfinished. Based upon his observations and the results of a Gaze Nystagmus test, requiring the defendant to follow the tip of an ink pen with his eyes without moving his head, Trooper Long formed the opinion that defendant was impaired. At 11:45 p.m. Trooper Long arrested defendant and transported him to the highway patrol station. Once at the highway patrol station, defendant refused to submit to a breathalyzer test and other psycho-physical tests. Trooper Joyner observed defendant at the patrol station, noting that his eyes were watery and bloodshot, his speech slow and deliberate, and that he smelled strongly of alcohol. From his observations and based on his training, Trooper Joyner concluded defendant was impaired by alcohol.

Defendant presented evidence that he believed the portion of highway upon which he was traveling was open to traffic and that he had traveled through six intersections in that lane prior to striking Ms. Speight. Defendant testified that he consumed three beers and a small amount of wine earlier that evening, but did not have any difficulties operating his vehicle while driving. As he was driving down the center of the lane, he struck an object which he believed to be a person. He stopped his car and observed Ms. Speight lying on the shoulder of the road. Defendant's accident reconstruction expert testified that Ms. Speight would have been visible approximately 150 feet away from defendant's vehicle with the headlights on low beam. Traveling at 55 m.p.h. defendant could not have stopped his vehicle after Ms. Speight first became visible in time to avoid striking her whether or not he was impaired. He further testified as to the manner in which the newly constructed lane was partitioned off from the roadway in use by orange and white barrels set three hundred feet apart. In his opinion, the traffic control devices were inadequate to serve their function.

On appeal defendant contends the trial court erred in: (1) denying defendant's motion in limine to suppress evidence of the victim's pregnancy at the time of the accident, (2) limiting the testimony

of the accident reconstruction witness to the issue of proximate cause, (3) denying defendant's motion to dismiss, (4) submitting the charge of misdemeanor death by vehicle, (5) instructing the jury on the provisions of N.C. Gen. Stat. § 20-174(e) as a basis for the charge of misdemeanor death by vehicle, (6) instructing the jury on the provisions of N.C. Gen. Stat. § 20-141(a) as a basis for the charge of misdemeanor death by vehicle, (7) denying defendant's motion for appropriate relief, (8) imposing the maximum sentence, and (9) signing and entering the judgment.

In his first assignment of error, defendant argues that the trial court erred in denying his motion in limine to suppress evidence that the victim was 8½ months pregnant at the time of the accident. Defendant contends the evidence is irrelevant to the essential elements of involuntary manslaughter and to his defense of unavoidable accident. The State counters that the evidence is relevant to whether defendant could see the victim. The State further argues that we should apply a "plain error" analysis since defendant failed to properly preserve the right to appeal by not objecting to the introduction of the evidence at trial. We address the procedural issue first.

North Carolina Appellate Rules of Procedure Rule 10(b)(1) (1992) provides:

> (b) **Preserving Questions for Appellate Review.**
>
> > (1) **General.** In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection *or* motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection *or* motion. Any such question which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted or which by rule or law was deemed preserved or taken without any such action, may be made the basis of an assignment of error in the record on appeal.

(Emphasis added). N.C. Gen. Stat. § 15A-1446(a) (1988) provides:

STATE v. MOORE

[107 N.C. App. 388 (1992)]

(a) Except as provided in subsection (d), error may not be asserted upon appellate review unless the error has been brought to the attention of the trial court by appropriate and timely objection *or* motion. No particular form is required in order to preserve the right to assert the alleged error upon appeal if the motion or objection clearly presented the alleged error to the trial court. Formal exceptions are not required, but when evidence is excluded a record must be made . . . in order to assert upon appeal error in the exclusion of that evidence.

(Emphasis added). Analyzing the language of Rule 10 and § 15A-1446(a), we note the use of the disjunctive term "or," implying equivalency of objections and motions. Both the Rule and the statute require a party desiring to preserve an issue for appellate review to make a timely "objection *or* motion." (Emphasis added.) Rule 10 makes no mention of formal exceptions and only requires the trial court to rule on the request, objection or motion. N.C. Gen. Stat. § 15A-1446 specifically states that "[f]ormal exceptions are not required." The Official Commentary to § 15A-1446 states:

The steps to be taken in the trial level have evolved over the years from the original purpose, which was in effect a statement of "charges" against the judge for making an error, into what is now recognized as a need simply to bring the matter to the attention of the trial judge sufficiently to permit him to correct the error. Thus, the Rules of Civil Procedure in G.S. 1A-1, Rule 46, and the appellate rules (N.C. Appellate Rules, Rule 10 (b) make clear that formal "exceptions" are unnecessary and that no particular extra steps need be taken if an appropriate and timely objection has been made clear to the trial judge, at some time sufficiently close to the occurrence of the error to· permit its correction. . . .

Subsection (a) of this section is similar in basic import to G.S. 1A-1, Rule 46, of the Rules of Civil Procedure. It provides essentially that any timely objection or motion is sufficient and no particular formality is required to preserve the right to assert an alleged error upon appeal if that has been done.

[1]    Thus, we conclude neither our Appellate Rules nor the Criminal Procedure Act require a party to except after the trial court has ruled adversely to that party on an objection or motion. We are aware of *State v. McDougall*, 308 N.C. 1, 9, 301 S.E.2d 308, 314,

*cert. denied*, 464 U.S. 865, 78 L.Ed.2d 173 (1983), in which the North Carolina Supreme Court concluded that, if the trial court denies defendant's motion to suppress after voir dire, defendant must renew his objection before the jury if he failed to except to the adverse ruling at the end of voir dire. *McDougall* is not controlling in the case at bar since it was decided prior to the 1989 amendment to North Carolina Appellate Rule 10 deleting the requirement for formal exceptions. Although referring to N.C. Gen. Stat. § 15A-1446(b), providing that a defendant waives the right to assert error on appeal if there is no timely motion or objection, the *McDougall* Court made no reference to Rule 10 or § 15A-1446(a). Reviewing the 1983 versions of Rule 10 and § 15A-1446(a), we note a conflict between the rule, requiring formal exceptions, and the statute stating the opposite. In case of conflict, the Appellate Rules control. *See State v. Bennett*, 308 N.C. 530, 535, 302 S.E.2d 786, 790 (1983). Although the reasoning is not reflected in the opinion, the Court must have concluded that formal exception to the adverse ruling at the end of voir dire was mandated by Rule 10 despite language to the contrary in N.C. Gen. Stat. § 15A-1446(a). Thus, the Court's decision flowed logically from the Rules. Currently, however, our Appellate Rules do not specifically require formal exceptions and no longer mandate exceptions upon a denial of a motion in limine. We thus find the defendant's motion in limine was sufficient to preserve this issue for appellate review.

[2] Addressing the substantive issue, defendant contends evidence of the victim's pregnancy was irrelevant under N.C. Gen. Stat. § 8C-1, Rule 401 (1988), defining relevant evidence as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Therefore, defendant argues, the irrelevant evidence is inadmissible under N.C. Gen. Stat. § 8C-1, Rule 402. Admission of irrelevant evidence is harmless error, unless defendant meets the burden of showing that he was prejudiced by the admission of the evidence. *State v. Alston*, 307 N.C. 321, 339, 298 S.E.2d 631, 644 (1983). To show prejudice, defendant must prove "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a) (1988).

Defendant further argues that even if relevant, evidence of the pregnancy should have been excluded because its probative

value was substantially outweighed by the danger of unfair prejudice. *See* N.C. Gen. Stat. § 8C-1, Rule 403 (1988). "[A]n undue tendency to suggest decision on an improper basis, commonly, though not necessarily, as an emotional one," is considered "unfair prejudice." Commentary to N.C. Gen. Stat. § 8C-1, Rule 403. The admission or exclusion of evidence under Rule 403 is within the sound discretion of the trial court, "and his ruling may be reversed for an abuse of discretion only upon a showing that it 'was so arbitrary that it could not have been the result of a reasoned decision.'" *State v. Mason*, 315 N.C. 724, 731, 340 S.E.2d 430, 435 (1986) (quoting *State v. Thompson*, 314 N.C. 618, 626, 336 S.E.2d 78, 82 (1985)).

The trial court determined that evidence of the victim's pregnancy was relevant to the defense of unavoidable accident and misadventure, since a pregnant woman near term is not able to move as quickly or agilely as a woman who is not pregnant. We find no error in that ruling. Furthermore, we do not find an abuse of discretion in the admission of the evidence. We do not believe evidence of pregnancy is of such an inflammatory nature as to cause the jury to make its decision on an improper basis. We also note that, even if the evidence was irrelevant, the defendant has failed to show that absent the admission of the victim's pregnancy, the jury would have reached a different result. As we discuss below, there is substantial evidence to support a conviction for misdemeanor manslaughter.

[3] In his second assignment of error, defendant contends the trial court erred in limiting the testimony of the accident reconstruction expert solely to the issue of proximate cause. Defendant argues that the jury should have been permitted to consider the evidence substantively in deciding whether the accident was unavoidable and whether he violated traffic laws supporting the misdemeanor death by vehicle charge. Defendant relies upon N.C. Gen. Stat. § 8C-1, Rule 702 and Rule 704 (1988). Rule 702 provides:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion.

Rule 704 permits an expert to present opinion testimony embracing the ultimate issue at trial.

Mr. Williford was tendered and accepted by the trial court as an expert in the fields of transportation engineering and accident reconstruction. After voir dire, the trial court instructed the jury to consider Mr. Williford's testimony solely on the issue of proximate cause. Although the trial court properly admitted the testimony on the issue of proximate cause, see State v. Harrington, 260 N.C. 663, 133 S.E.2d 452 (1963), we can find no basis for the instruction limiting the evidence solely to the issue of proximate cause. Mr. Williford's testimony would have provided some assistance to the jury in determining whether defendant was violating any traffic laws serving as the basis for the misdemeanor death by vehicle charge. We do not find, however, that defendant has shown a reasonable possibility that the result of the trial would have been different if the error had not occurred.

[4] In his third assignment of error, defendant argues the trial court erred in denying his motion to dismiss. Upon a motion to dismiss, "the trial court must view the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from it." State v. Locklear, 322 N.C. 349, 358, 368 S.E.2d 377, 382 (1988). If there is substantial evidence to support the charge against the defendant, the charge must be submitted to the jury. Id. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). Giving every reasonable inference to the State, we conclude there was substantial evidence for the case to go to the jury on the charge of involuntary manslaughter while driving under the influence of alcohol. The charge of involuntary manslaughter required the State to prove (1) defendant was driving a motor vehicle, (2) on a highway, (3) under the influence of an impairing substance causing appreciable impairment of his normal mental and bodily functions, and (4) his impaired driving proximately but unintentionally caused the death of Ms. Speight. See State v. Williams, 90 N.C. App. 614, 621, 369 S.E.2d 832, 837, disc. review denied, 323 N.C. 369, 373 S.E.2d 555 (1988); N.C. Gen. Stat. §§ 20-138.1 and 20-141.4 (1989).

The evidence showed that while driving his mini-van at 55 m.p.h. on a paved portion of Highway 158 under construction in Currituck County, defendant struck and killed Ms. Speight. Defendant told Trooper Long at the scene that he had consumed two beers prior to the accident. Defendant later testified that he had

consumed three beers and some wine prior to the accident. After speaking to defendant and conducting field sobriety tests, Trooper Long determined that defendant was impaired and placed him under arrest. Officer Joyner assisted in the accident investigation, observed defendant at the highway patrol station, and formed the opinion that defendant was impaired by alcohol. Defendant told Trooper Long that he did not know in which lane he was driving when he struck the victim. Defendant's expert testified that the victim should have been visible at a distance of 150 feet with defendant traveling with his headlights on low beam. Defendant testified that he did not see the victim and made no attempt to stop his vehicle or swerve to avoid hitting her. From the evidence, the jury could reasonably conclude that the defendant had committed involuntary manslaughter. Therefore, we find the trial court properly denied the motion to dismiss.

**[5]** We consider defendant's next three assignments of error concurrently. Defendant contends the trial court erred in submitting the charge of misdemeanor death by motor vehicle, N.C. Gen. Stat. § 20-141.4(a2) (1989), and instructing the jury on the provisions of N.C. Gen. Stat. § 20-174(e) (1989) and N.C. Gen. Stat. § 20-141(a) (1989) as bases for the charge of misdemeanor death by motor vehicle. We note initially that misdemeanor death by vehicle is a lesser included offense of involuntary manslaughter. *State v. Lackey*, 71 N.C. App. 581, 583, 323 S.E.2d 32, 34 (1984). N.C. Gen. Stat. § 20-141.4(a2) provides:

> A person commits the offense of misdemeanor death by vehicle if he unintentionally causes the death of another person while engaged in the violation of any State law or local ordinance applying to the operation or use of a vehicle or to the regulation of traffic, other than impaired driving under G.S. 20-138.1, and commission of that violation is the proximate cause of the death.

The provisions of § 20-174(e) and § 20-141(a) are set forth below.

"The purposes of the trial judge's charge to the jury are to clarify the issues, eliminate extraneous matters and declare and explain the law arising on the evidence." *State v. Cousin*, 292 N.C. 461, 464, 233 S.E.2d 554, 556 (1977). In deciding whether a particular instruction is mandated by the evidence, the trial "court must consider whether there is any evidence in the record which might convince a rational trier of fact to convict defendant of the offense."

*State v. Moore,* 75 N.C. App. 543, 546, 331 S.E.2d 251, 253, *disc. review denied,* 315 N.C. 188, 337 S.E.2d 862 (1985).

Addressing violations of the underlying traffic offenses first, we conclude there was sufficient evidence to convince a rational trier of fact that defendant violated either § 20-171(e) or § 20-141(a) or both. N.C. Gen. Stat. § 20-174(e) requires "every driver of a vehicle [to] exercise due care to avoid colliding with any pedestrian upon any roadway, and [to] give warning by sounding the horn when necessary." Due care requires a motorist to "operate his vehicle at a reasonable rate of speed, keep a lookout for persons on or near the highway, decrease his speed when any special hazard exists with respect to pedestrians, and, if the circumstances warrant, he must give warning of his approach by sounding his horn." *Morris v. Minix,* 4 N.C. App. 634, 637, 167 S.E.2d 494, 496-97 (1969). We find that a reasonable person could conclude from the evidence as set forth above that defendant failed to exercise due care as required by § 20-174(e).

The evidence also supports a conclusion that a reasonable person could find that defendant violated § 20-141(a), providing "[n]o person shall drive a vehicle on a highway or in a public vehicular area at a speed greater than is reasonable and prudent under the conditions then existing." Although defendant testified that he was traveling at 55 m.p.h., such speed may not be considered reasonable under the circumstances. *State v. Grissom,* 17 N.C. App. 374, 375, 194 S.E.2d 227, 228, *cert. denied,* 283 N.C. 258, 195 S.E.2d 691 (1973). The jury must decide whether defendant's speed was "reasonable and prudent under the conditions" which existed at the time of the accident. *Peterson v. Taylor,* 10 N.C. App. 297, 301, 178 S.E.2d 227, 229 (1971). The trial court instructed the jury to consider

> the hour of day or night, the lighting conditions, the weather conditions, the extent of other traffic, the nature and width of the roadway, the progress or status of any road construction project in the area, and any other circumstances shown to exist at that time at the scene.

Defendant argues that the trial court improperly permitted the jury to consider Mr. Williford's expert testimony to support a finding of excessive speed under § 20-141(a), after instructing the jury to consider the testimony solely for the issue of proximate cause. Although the trial court did state in the charge conference

that "it could be argued based on the testimony of Mr. Williford that a speed of fifty-five miles per hour by any average driver under those conditions would be greater than was reasonable and prudent under the circumstances," the jury did not hear the trial court's statement. Excluding Mr. Williford's testimony, there was ample evidence presented by Trooper Long, the State's medical expert, and defendant as to the construction area, the accident scene, and defendant's speed. From the remaining evidence, a reasonable person could conclude defendant was traveling "at a speed greater than is reasonable and prudent under the circumstances." We find no error in the instruction on § 20-141(a).

Accordingly, we find no error in the submission of the misdemeanor death by motor vehicle charge as defined in § 20-141.4(a2) since there was sufficient evidence to convince a rational trier of fact that defendant unintentionally caused the death of Ms. Speight while engaged in the violation of either § 20-174(e) or § 20-141(a), or both, and that such violation(s) proximately caused the death of Ms. Speight.

In his seventh assignment of error, defendant contends the trial court erred in denying his motion for appropriate relief. It is within the sound discretion of the trial court to grant or deny motions for appropriate relief. Absent a clear showing of abuse, we will not reverse the trial court's decision. *State v. Bates*, 313 N.C. 580, 583, 330 S.E.2d 200, 202 (1985). Based upon the evidence as set forth above, we find no abuse of discretion. Therefore, defendant's motion was properly denied.

[6] Defendant next assigns as error the trial court's imposition of the maximum two-year sentence suspended on the conditions that defendant serve 120 days' active term and surrender his driver's license for five years. Specifically, defendant first argues that the trial court did not consider his lack of criminal record when imposing the maximum sentence and maximum active term. Second, defendant argues that the trial court required him to surrender his license for five years rather than one year for the sole purpose of making his punishment more severe. The trial court abused its discretion, defendant contends, because the punishment is not rationally related to his rehabilitation.

Addressing defendant's first argument, § 20-141.4(a2)(b) specifically provides that "[m]isdemeanor death by vehicle is a misdemeanor punishable by a fine of not more than five hundred dollars

STATE v. MOORE

[107 N.C. App. 388 (1992)]

($500.00), imprisonment for not more than two years, or both, in the discretion of the court." Unlike sentencing after a conviction for impaired driving under N.C. Gen. Stat. § 20-138.1, the trial court is not required to find factors in aggravation and mitigation before imposing sentence after a conviction for misdemeanor death by motor vehicle. " 'A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.' " *State v. Lane*, 39 N.C. App. 33, 38, 249 S.E.2d 449, 452-53 (1978) (quoting *State v. Pope*, 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962)). The trial court imposed sentence as authorized by statute. We find no abuse of discretion or other reason to justify resentencing.

As to defendant's second contention regarding sentencing, N.C. Gen. Stat. § 15A-1343(a) (Cum. Supp. 1991) states: "The court may impose conditions of probation reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so." N.C. Gen. Stat. § 15A-1343(b1)(4) (Cum. Supp. 1991) permits the trial court to order a defendant to submit his license for a period of time specified by the court as a special condition of probation. Defendant was convicted of misdemeanor death by motor vehicle based upon violation of state traffic law(s). Surrender of defendant's driver's license is a condition "directly related to and [growing] out of the offense for which [he] was convicted and [is] consistent with proper punishment for the crime." *See State v. Simpson*, 25 N.C. App. 176, 180, 212 S.E.2d 566, 569, *cert. denied*, 287 N.C. 263, 214 S.E.2d 436 (1975) (citations omitted). Defendant's argument is without merit.

Defendant's remaining assignment of error that the trial court erred in signing and entering the judgment has been completely addressed in our discussion above.

For the reasons set forth above, we find

No error.

Judges EAGLES and ORR concur.