STATE OF NORTH CAROLINA v. BRIAN LYNN ELLIS, Defendant

No. COA98-216

(Filed 18 August 1998)

### 1. Evidence— prior convictions—certified AOC printout

The trial court did not err in a prosecution for habitual impaired driving by admitting a certified computer printout from AOC to establish one of the prior DWI convictions.

### 2. Constitutional Law, Federal— Sixth Amendment right to counsel—time to prepare

There was no prejudicial error in a DWI and habitual impaired driving prosecution where defendant contended that the trial court's denial of his motion for a continuance deprived him of his Sixth Amendment right to counsel, citing his counsel's inexperience and other responsibilities and noting the gravity of the charges. However, defendant cannot show prejudice in light of the overwhelming evidence of guilt.

Appeal by defendant from judgment entered 10 April 1997 by Judge Peter M. McHugh in Guilford County Superior Court. Heard in the Court of Appeals 3 August 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General Jonathan P. Babb, for the State.*

*Public Defender Wallace C. Harrelson, by Assistant Public Defender Delton L. Green, for defendant-appellant.*

SMITH, Judge.

Defendant Brian Lynn Ellis was arrested for DWI on 26 May 1996. Defendant was subsequently charged by true bills of indictment with DWI and habitual impaired driving (case number 96 CRS 22630), and with being a habitual felon (case number 96 CRS 22637). After defendant waived his right to counsel on 15 November 1996, counsel was appointed for defendant on 10 March 1997. This matter came on for trial on 10 April 1997, and counsel made a motion to continue. The motion was denied, and the State's evidence was heard by Judge Peter M. McHugh and a duly empaneled jury. Defendant did not present any evidence.

The State's evidence tends to show the following: Officers James Scott Gee and Joel Cranford of the Greensboro Police Department were parked in the area of the 300 block of Berryman Street when they observed a motor vehicle drive down a sidewalk and turn onto a street. Officer Gee followed the vehicle and after the officer activated his blue light, the driver pulled the vehicle over. The officer approached the vehicle and noticed that defendant was the driver of the vehicle. When asked the reason he was driving through a park, defendant told Officer Gee that he was concerned that he had drunk too much to safely drive on the road.

Officer Gee noted that defendant had an odor of alcohol about his person and that his speech was "thick tongued." The officer later noted that defendant's eyes were bloodshot. There were two passengers in the vehicle. In addition, Officer Gee observed "an open bottle of Budweiser beer and several cans of Natural Light" in the vehicle. When the officer asked for his driver's license, defendant presented a North Carolina I.D. card, because his license had been revoked. Defendant admitted to having been drinking on that evening and failed several field sobriety tests conducted at the scene.

Based upon his observations and defendant's performance on the field sobriety tests, Officer Gee formed the opinion that defendant was impaired and placed defendant under arrest. After being transported to the police department, defendant was informed of his *Miranda* and chemical analysis rights and underwent chemical analysis. Defendant's alcohol concentration was .015.

The jury found defendant guilty of habitual impaired driving. Defendant then pled guilty to being a habitual felon. Judge McHugh entered judgment on the jury verdict and defendant's guilty plea on 10 April 1997, sentencing defendant to 120-153 months' imprisonment. Defendant appeals.

[1] Defendant first argues that the trial court erred in admitting a certified computer printout from AOC to establish one of defendant's prior DWI convictions, saying the State failed to lay proper foundation for its admission. We cannot agree.

In order to obtain a conviction for habitual impaired driving, the State must prove, *inter alia*, that the defendant has been convicted of three or more offenses involving impaired driving within seven years of the date of the current offense. N.C. Gen. Stat. § 20-138.5(a) (1993). Section 8-35.2 provides,

certified copies of the records contained in the criminal index or similar records maintained manually or by automatic data processing equipment by the clerk of superior court, are admissible as prima facie evidence of any prior convictions of the person named in the records, if the original documents upon which the records are based have been destroyed pursuant to law.

N.C. Gen. Stat. § 8-35.2 (1986). Significantly, section 8-35.2 is not the exclusive method of proof of a prior conviction. *See* N.C. Gen. Stat. § 15A-1340.14(f) (1996); N.C. Gen. Stat. § 15A-924 (1997). Section 15A-1340.14(f) provides that a prior conviction may be proved by:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) *A copy of records* maintained by the Division of Criminal Information, the Division of Motor Vehicles, or *of the Administrative Office of the Courts.*

(4) Any other method found by the court to be reliable.

N.C.G.S. § 15A-1340.14(f) (emphasis added). In the instant case, the State utilized a certified AOC computer printout as proof of defendant's prior conviction in case number 89 CR 65846. As this printout was properly admitted to show a prior conviction under subsection (f)(3), defendant's argument to the contrary fails.

**[2]** Defendant next argues that the trial court erred in denying his motion to continue. Specifically, defendant contends that the denial of his motion constituted a violation of the Sixth Amendment, which affords him the right to counsel who has had reasonable time to prepare for trial. Thus, defendant maintains he is entitled to a new trial. Again, we do not agree.

"Ordinarily, a motion to continue is addressed to the discretion of the trial court, and absent a gross abuse of that discretion, the trial court's ruling is not subject to review." *State v. Walls*, 342 N.C. 1, 24, 463 S.E.2d 738, 748 (1995), *cert. denied*, 517 U.S. 1197, 134 L. Ed. 2d 794 (1996). "When[, however,] 'a motion to continue is based on a constitutional right, then the motion presents a question of law which is fully reviewable on appeal.' " *State v. Caporasso*, 128 N.C. App. 236, 241, 495 S.E.2d 157, 161 (1998) (quoting *State v. Jones*, 342 N.C. 523,

STATE v. ELLIS

[130 N.C. App. 596 (1998)]

530-31, 467 S.E.2d 12, 17 (1996)), *appeal dismissed*, 347 N.C. 674, 500 S.E.2d 91 (1998). "Regardless of whether the motion raises a constitutional issue or not, a denial of a motion to continue is only grounds for a new trial when defendant shows both that the denial was erroneous, and that he suffered prejudice as a result of the error." *Walls*, 342 N.C. at 24-25, 463 S.E.2d at 748. In *State v. McFadden*, 292 N.C. 609, 616, 234 S.E.2d 742, 747 (1977), our Supreme Court noted,

> It is implicit in the constitutional [guarantee] of assistance of counsel . . . that an accused and his counsel shall have a reasonable time to investigate, prepare and present his defense. However, no set length of time is guaranteed and whether defendant is denied due process must be determined under the circumstances of each case.

*Id.*

In the instant case, defendant contends that trial counsel did not have sufficient opportunity to prepare his defense. Defendant cites trial counsel's other responsibilities and inexperience in trying a case of this sort. Defendant also references the gravity of the offenses with which he was charged. Notably, however, even if this Court were to conclude that it was error for the trial court to deny defendant's motion for a continuance, on this record, defendant cannot show prejudice in light of the overwhelming evidence of his guilt. Therefore, this argument also fails.

In light of all of the foregoing, we hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges LEWIS and WALKER concur.