STATE OF NORTH CAROLINA v. JOHN FRANCES HAYES

No. 311PA98

(Filed 4 March 1999)

**Appeal and Error— preservation of issues—denial of motion in limine—admissibility of evidence—objection at trial**

Defendant failed to preserve for appeal the question of the admissibility of evidence that had been the subject of a motion in limine where he objected to the denial of the motion but failed to object to that evidence at the time it was offered at trial. The four-part test set forth in the opinion of the Court of Appeals in this case is disavowed.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 130 N.C. App. 154, 502 S.E.2d 853 (1998), finding no error in the jury trial resulting in a judgment entered by Saunders, J., on 26 November 1996 in Superior Court, Mecklenburg County. Heard in the Supreme Court 14 January 1999.

*Michael F. Easley, Attorney General, by William P. Hart and Alexander McC. Peters, Special Deputy Attorneys General, for the State-appellant and -appellee.*

*Rudolf & Maher, P.A., by M. Gordon Widenhouse, Jr.; Smith, Helms, Mulliss & Moore, L.L.P., by James G. Exum, Jr.; and The Exum Law Office, by Mary March Exum, for defendant-appellant and -appellee.*

PER CURIAM.

In this case, the Court of Appeals concluded

that if: (1) there has been a full evidentiary hearing where the substance of the objection(s) raised by the motion *in limine* has been thoroughly explored; (2) the order denying the motion is explicit and definitive; (3) the evidence actually offered at trial is substantially consistent with the evidence explored at the hearing on the motion; and (4) there is no suggestion that the trial court would reconsider the matter at trial, an objection to the denial of the motion *in limine* is alone sufficient to preserve the evidentiary issues which were the subject of the motion *in limine* for review by the appellate court.

*State v. Hayes*, 130 N.C. App. 154, ——, 502 S.E.2d 853, 865 (1998) (footnote omitted).

The Court of Appeals applied its four-part test and concluded defendant had preserved for appeal his challenge to the admissibility of evidence that had been the subject of a motion *in limine*. The Court of Appeals reviewed the merits and found no error in the trial court's admission of the challenged evidence. We allowed the State's petition for discretionary review to address the new four-part test articulated by the Court of Appeals.

This Court has consistently held that " '[a] motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial.' " *State v. Bonnett*, 348 N.C. 417, 437, 502 S.E.2d 563, 576 (1998) (quoting *State v. Conaway*, 339 N.C. 487, 521, 453 S.E.2d. 824, 845, *cert. denied*, 516 U.S. 884, 133 L. Ed. 2d 153 (1995)), *cert. denied*, —— U.S. ——, —— L. Ed. 2d ——, 1999 WL 24797 (Jan. 25, 1999) (No. 98-6972); *see also Martin v. Benson*, 348 N.C. 684, 685, 500 S.E.2d 664, 665 (1998). Rulings on motions *in limine* are preliminary in nature and subject to change at trial, depending on the evidence offered, and "thus an objection to an order granting or denying the motion 'is insufficient to preserve for appeal the question of the admissibility of the evidence.' " *T&T Development Co. v. Southern Nat. Bank of S.C.*, 125 N.C. App. 600, 602, 481 S.E.2d 347, 348-49 (quoting *Conaway*, 339 N.C. at 521, 453 S.E.2d at 845), *disc. rev. denied*, 346 N.C. 185, 486 S.E.2d 219 (1997). To the extent such cases as *State v. Moore*, 107 N.C. App. 388, 420 S.E.2d 691, *disc. rev. denied*, 332 N.C. 670, 424 S.E.2d 414 (1992), differ, they are overruled.

In the present case, defendant failed to object when the evidence that was the subject of the motion *in limine* was offered at trial, and therefore, he failed to preserve for appeal the question of the admissibility of such evidence. We therefore disavow the four-part test set forth in the opinion of the Court of Appeals in the instant case. Accordingly, the opinion of the Court of Appeals, as modified herein, is affirmed.

Defendant also petitioned this Court for discretionary review as to additional issues pursuant to N.C.G.S. § 7A-31 (1995). We allowed review but now conclude review was improvidently allowed.

MODIFIED AND AFFIRMED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.