STATE OF NORTH CAROLINA v. WILLIAM JASPER GOODMAN, JR.

No. COA00-1417

(Filed 5 March 2002)

1. **Homicide— second-degree murder—driving while intoxicated—malice—sufficiency of evidence**

   The trial court did not err by failing to dismiss the charge of second-degree murder arising out of defendant's driving while intoxicated based on the sufficiency of the evidence concerning malice, because: (1) the State introduced evidence of defendant's extensive driving-related convictions, including prior convictions for driving while impaired; and (2) the evidence also showed that defendant ran a red light while traveling approximately forty to forty-five miles per hour with his head and arm hanging out of the window.

2. **Homicide— second-degree murder—driving while intoxicated—failure to submit misdemeanor death by vehicle**

   The trial court did not err in a second-degree murder case arising out of defendant's driving while intoxicated by failing to submit to the jury the possible verdict of misdemeanor death by vehicle under N.C.G.S. § 20-141.4(a2), because misdemeanor death by vehicle is a lesser included offense of involuntary manslaughter, and since the jury rejected involuntary manslaughter in favor of second-degree murder, it would also have rejected the lesser offense of misdemeanor death by vehicle.

**3. Evidence— prior crimes or bad acts—assault upon a law enforcement officer—failure to give limiting instruction**

Although the trial court erred in a second-degree murder case arising out of defendant's driving while intoxicated by failing to charge the jury with a limiting instruction regarding defendant's 1980 conviction for assault upon a law enforcement officer, the omission does not entitle defendant to a new trial because: (1) the trial court's instructions to the jury throughout the trial and during the charge made clear that it was the evidence of defendant's prior driving convictions which were being offered to prove malice; (2) the trial court was clear in instructing the jury that the purpose of the evidence of the 16 June 1980 conviction was to determine whether defendant was guilty of possessing a firearm as a felon; and (3) any limiting instruction would not have affected the admissibility or the inflammatory nature of the evidence.

**4. Evidence— victim's good character—no plain error**

The trial court did not commit plain error in a second-degree murder case arising out of defendant's driving while intoxicated by admitting testimony from the victim's son concerning the victim's good character, because: (1) although such character evidence is generally inadmissible, the evidence was harmless in light of the evidence of defendant's alcohol-related convictions within the past few years; and (2) defendant has failed to show that any error was so fundamental as to amount to a miscarriage of justice or would have resulted in a different verdict.

**5. Evidence— prior crimes or bad acts—driving record—driving convictions**

Although the trial court erred in a second-degree murder case arising out of defendant's driving while intoxicated by admitting defendant's entire driving record which detailed his prior driving convictions under N.C.G.S. § 8C-1, Rule 404(b) when some of his convictions were too remote in time to be probative, the trial court did not commit plain error because: (1) prior driving convictions are a proper means of establishing the malice element of second-degree murder; (2) defendant had numerous convictions, including four convictions for driving while intoxicated or impaired which occurred within the appropriate time frame of within sixteen years of the date of the offense at issue; (3) the remoteness of defendant's three convictions for driving while intoxicated, occurring only one and two years outside the per-

missible period of sixteen years, goes to the weight of the evidence rather than its admissibility; (4) defendant's non-alcohol related convictions including failing to yield the right of way, illegal passing, reckless driving, and speeding are not too dissimilar to be probative of a pattern of recklessness and inherently dangerous conduct which substantiate defendant's malice in the present case; and (5) defendant cannot establish that a different result would have occurred absent any error.

**6. Sentencing— second-degree murder—failure to prove prior convictions**

Defendant is entitled to a new sentencing hearing in a second-degree murder case arising out of defendant's driving while intoxicated based on the State's failure to prove defendant's prior convictions as required by N.C.G.S. § 15A-1340.14(f), because: (1) the State did not offer into evidence any document which tended to prove that defendant had been convicted of the prior crimes; and (2) the trial court sentenced defendant based upon the information provided by the State's unverified prior record level worksheet.

Judge GREENE dissenting.

Appeal by defendant from judgment entered 31 March 2000 by Judge James C. Davis in Gaston County Superior Court. Heard in the Court of Appeals 8 January 2002.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Philip A. Lehman, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defenders Jarvis John Edgerton, IV and Daniel R. Pollitt, for defendant-appellant.*

HUNTER, Judge.

William Jasper Goodman, Jr. ("defendant") appeals his conviction and sentence for the second degree murder of Lewis Watford. We hold defendant's trial was free from prejudicial error; however, we remand for resentencing.

The evidence presented at trial tended to establish that on 11 February 1999 at approximately 11:30 a.m., seventy-three year-old Lewis Watford was driving a Mercury Grand Marquis on U.S. 321 in Gastonia. Watford's vehicle was stopped at a red light in the left

northbound lane of U.S. 321 at the intersection of Hudson Boulevard. When the light turned green, Watford proceeded into the intersection to make a left turn when his vehicle was struck on the passenger side by defendant's truck. Defendant had run a light as he proceeded west on Hudson Boulevard. Witness Tracy Moose testified she saw defendant's head and arm hanging out the driver's side window of his truck as he ran the red light. Defendant was traveling at approximately forty to forty-five miles per hour when he struck Watford's passenger-side door. A blood test performed on defendant at the hospital revealed his blood alcohol content was .138. Watford died four days later as a result of injuries sustained in the accident.

Defendant was indicted on 1 March 1999 for second degree murder, driving while impaired, and failure to stop at a red light. He was also indicted for possession of marijuana and carrying a concealed weapon, both of which were recovered from defendant's truck after the accident. On 1 November 1999, defendant was indicted for possession of a firearm by a convicted felon, based upon the discovery of the firearm in defendant's vehicle and his 1980 conviction for assault upon a law enforcement officer. Defendant pled guilty to possession of marijuana and driving while impaired on 28 March 2000.

Defendant's second degree murder charge and possession of a firearm by a felon charge were both tried to a jury. During trial, the State introduced defendant's driving record which contained numerous convictions for traffic violations, including several prior convictions for driving while impaired. Defendant did not testify. On 31 March 2000, defendant was convicted of second degree murder. He was acquitted of possession of a firearm by a convicted felon. The trial court arrested judgment on the charge of driving while impaired, and consolidated defendant's convictions for possession of marijuana and second degree murder. Based upon his prior record level, the trial court sentenced defendant to a minimum of 251 and a maximum of 311 months' imprisonment. He appeals.

Defendant brings forth six arguments on appeal, contending the trial court erred in (1) failing to dismiss the charge of second degree murder for insufficient evidence of malice; (2) failing to submit the possible verdict of misdemeanor death by vehicle to the jury; (3) failing to charge the jury with a limiting instruction regarding the 1980 conviction for assault upon a law enforcement officer; (4) admitting testimony that Watford was a good person; (5) admitting defendant's driving record; and (6) sentencing defendant based upon incompetent

evidence of defendant's prior convictions. For reasons stated herein, we find no prejudicial error in the guilt phase of defendant's trial, but remand for resentencing.

## I.

[1] Defendant first argues the trial court erred in failing to dismiss the charge of second degree murder on the basis there was insufficient evidence to establish defendant acted with malice. Defendant failed to properly renew his motion to dismiss at the close of all evidence as required by Rule 10(b)(3) of the Rules of Appellate Procedure. Although he urges us to review this assignment of error for plain error, our Supreme Court "has only elected to review unpreserved issues for plain error that involve instructional errors or the admissibility of evidence." *State v. Carpenter*, 147 N.C. App. 386, 556 S.E.2d 316, 323 (2001) (citing *State v. Steen*, 352 N.C. 227, 536 S.E.2d 1 (2000), *cert. denied*, 531 U.S. 1167, 148 L. Ed. 2d 997 (2001); *State v. Gregory*, 342 N.C. 580, 467 S.E.2d 28 (1996)). However, in our discretion, we may suspend application of Rule 10(b)(3) in this case. *See* N.C.R. App. P. 2. We elect to do so here, and will review defendant's argument.

In order to convict a defendant of second degree murder, the State must establish that defendant committed an unlawful killing of a human being with malice, but need not establish premeditation or deliberation. *State v. Brewer*, 328 N.C. 515, 522, 402 S.E.2d 380, 385 (1991). It is well-established that the malice element of second degree murder in cases such as this may be proved through the introduction of prior driving convictions.

In *State v. Miller*, 142 N.C. App. 435, 543 S.E.2d 201 (2001), this Court recently reiterated this principle, holding that the defendant's prior driving convictions dating as far back as sixteen years could be used to establish the defendant acted with malice when he hit the decedent while driving under the influence of alcohol. *Id.* at 439, 543 S.E.2d at 204; *see also State v. Jones*, 353 N.C. 159, 173, 538 S.E.2d 917, 928 (2000) (prior charge of driving while intoxicated sufficient to establish malice element of second degree murder; such evidence demonstrates "defendant was aware that his conduct leading up to the collision at issue here was reckless and inherently dangerous to human life"); *State v. Rich*, 351 N.C. 386, 400, 527 S.E.2d 299, 307 (2000) (introduction of prior driving convictions to establish malice element of second degree murder not in violation of N.C. Gen. Stat.

§ 8C-1, Rule 404(b) (1999); such convictions are for the permissible purpose of establishing defendant's " 'totally depraved mind' " and " 'recklessness of the consequences' ").

Moreover, this Court in *Miller* rejected defendant's argument that his convictions, dating as far back as sixteen years prior to the accident at issue, were too remote in time to be admissible. In so holding, we noted that the Supreme Court in *Rich* had held a prior conviction dating back nine years to be admissible; that this Court in *State v. McAllister*, 138 N.C. App. 252, 530 S.E.2d 859, *appeal dismissed*, 352 N.C. 681, 545 S.E.2d 724 (2000), had held a seven year-old conviction for driving while intoxicated admissible to establish malice; and that in *State v. Grice*, 131 N.C. App. 48, 505 S.E.2d 166 (1998), *disc. review denied*, 350 N.C. 102, 533 S.E.2d 473 (1999), we held prior convictions over ten years old to be admissible to establish malice. *Miller*, 142 N.C. App. at 440, 543 S.E.2d at 205.

Applying these principles to the present case, we hold the State introduced ample evidence of defendant's malice to defeat a motion to dismiss. The State introduced evidence of defendant's extensive driving-related convictions, including most recently, convictions in January 1997 for failing to yield the right of way; October 1995 for illegal passing; April 1990 for driving while impaired; October 1990 for refusing to submit to a chemical test; September 1988 for speeding; May 1982 for driving while intoxicated; March 1982 for driving while intoxicated; and August 1981 for driving while intoxicated. The evidence further showed that defendant ran the red light while traveling approximately forty to forty-five miles per hour with his head and arm hanging out of the window. The trial court did not err in submitting the charge of second degree murder to the jury.

II.

[2] Defendant next argues he is entitled to a new trial because the trial court erred in failing to submit to the jury a possible verdict of misdemeanor death by motor vehicle, N.C. Gen. Stat. § 20-141.4(a2) (1999). The trial court submitted to the jury three possible verdicts: second degree murder; involuntary manslaughter; and not guilty. Assuming, *arguendo*, that such failure was error, defendant is unable to establish the requisite prejudice that would entitle him to a new trial. *See State v. Riddick*, 340 N.C. 338, 343, 457 S.E.2d 728, 732 (1995) (error in failing to submit requested instruction to jury is harmless where defendant cannot show prejudice as a result).

In *State v. Moss*, 139 N.C. App. 106, 114, 532 S.E.2d 588, 594, *disc. review denied*, 353 N.C. 275, 546 S.E.2d 387 (2000), this Court held that where the jury was instructed on possible verdicts of second degree murder and involuntary manslaughter, any error in failing to submit a defense of accident was harmless. We observed that because the jury had found all of the elements of second degree murder, it precluded the possibility that the same jury would have found the defendant guilty of anything less than involuntary manslaughter, which it rejected. *Id.*; *see also State v. Johnston*, 344 N.C. 596, 602-03, 476 S.E.2d 289, 292 (1996) (where jury convicted defendant of first degree murder out of three possible verdicts of first degree murder, second degree murder, or not guilty, any error in failing to instruct on voluntary manslaughter could not have prejudiced defendant).

Similarly, in *State v. Wagner*, 343 N.C. 250, 259, 470 S.E.2d 33, 38 (1996), in which the defendant was convicted of first degree murder, our Supreme Court determined the defendant could not have been prejudiced by the trial court's failure to instruct on voluntary manslaughter. The Court reasoned that " '[s]ince the jury rejected second-degree murder, it would also have rejected the lesser offense of voluntary manslaughter.' " *Id.* (quoting *State v. Lyons*, 340 N.C. 646, 664, 459 S.E.2d 770, 779 (1995)).

Here, misdemeanor death by vehicle is a lesser included offense of involuntary manslaughter. *State v. Moore*, 107 N.C. App. 388, 398, 420 S.E.2d 691, 698, *cert. denied*, 332 N.C. 670, 424 S.E.2d 414 (1992), *overruled on other grounds*, *State v. Hayes*, 350 N.C. 79, 511 S.E.2d 302 (1999). Therefore, since the jury rejected involuntary manslaughter in favor of second degree murder, it would also have rejected the lesser offense of misdemeanor death by vehicle. This assignment of error is overruled.

### III.

[3] By his third argument, defendant contends he is entitled to a new trial because the trial court failed to include a limiting instruction in the jury charge regarding evidence of defendant's 16 June 1980 conviction for assault on a law enforcement officer. Evidence of the assault charge was introduced to prove the underlying felony in defendant's charge for possession of a firearm by a convicted felon, which charge was consolidated for trial with the murder charge. At the charge conference, defendant requested that the trial court provide a limiting instruction that the assault charge should have no effect on the verdict in the murder charge. The trial court agreed to

so instruct the jury; however, the trial court neglected to give the limiting instruction during the charge.

Although we agree with defendant that the trial court should have provided the limiting instruction, we do not agree that such omission entitles defendant to a new trial. In order to show prejudice necessary for a new trial, a defendant alleging error must show "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a) (1999). Defendant argues he was prejudiced because without the instruction, the jury could have used the assault conviction to find the malice element of second degree murder, and also because evidence of the 1980 conviction was "extremely inflammatory." We disagree.

The trial court's instructions to the jury throughout the trial and during the charge made clear that it was the evidence of defendant's prior *driving* convictions which were being offered to prove malice. During the trial, the court instructed the jury that defendant's driving record was being admitted "to establish a pattern of reckless and inherently dangerous conduct to substantiate malice." Again, during the charge, the trial court twice instructed the jury that defendant's "prior *traffic* violations" were to be used in assessing whether the State had met its burden of establishing malice. Although defendant excerpts a single statement made by the trial court in which it instructed the jury that they "may consider [defendant's] prior record" to establish malice, the statement came directly after the trial court made clear the record it was referring to was defendant's traffic record.

The trial court's charge to the jury " '. . . "must be read as a whole . . . , in the same connected way that the judge is supposed to have intended it and the jury to have considered it . . . ." ' " *State v. Hooks*, 353 N.C. 629, 634, 548 S.E.2d 501, 505 (2001) (citations omitted). The charge must ". . . 'be construed contextually, and isolated portions will not be held prejudicial when the charge as [a] whole is correct. . . . [T]he fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal.' " *Id.* (citations omitted).

Moreover, in subsequently instructing the jury on the charge of possession of a firearm by a convicted felon, the court clearly stated that the jury must find that defendant was convicted of a felony in Gaston County Superior Court on 16 June 1980. Thus, the trial court

was clear in instructing the jury that the purpose of the evidence of the 16 June 1980 conviction was to determine whether defendant was guilty of possessing a firearm as a felon.

We also disagree with defendant that evidence of the 1980 assault conviction was overly inflammatory. The only evidence of the assault charge presented was in the form of testimony of Mandy Cloninger, Deputy Clerk of Superior Court, whose testimony simply verified the documents showing that defendant pled guilty to assault on a law enforcement officer in 1980 as a result of pointing a gun. Any limiting instruction would not have affected the admissibility or the inflammatory nature of the evidence. Given the overwhelming evidence of defendant's prior traffic violations, he has failed to show a reasonable possibility that absence of the limiting instruction on his 1980 assault conviction likely caused the jury to convict him of second degree murder. This assignment of error is overruled.

IV.

[4] Defendant next argues he is entitled to a new trial because the trial court allowed Eddie Watford, Lewis Watford's son, to testify to his father's good character. Defendant failed to object at trial to the admission of this evidence, but he argues the error rises to the level of plain error. Plain error is error " 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.' " *State v. Parker*, 350 N.C. 411, 427, 516 S.E.2d 106, 118 (1999) (citation omitted), *cert. denied*, 528 U.S. 1084, 145 L. Ed. 2d 681 (2000).

Eddie Watford testified that his father owned Blue Gas Company, and that he always had time for his customers. Eddie testified:

> [Lewis Watford] had time for everybody. He would go out of his way for customers. . . . He would loan people that had hard times—he would loan them money. He just—you know, he was easy going. He didn't have any problem with anybody and he was, you know, coming to work doing what he was supposed to be doing, what he wanted to do. He didn't have to work. He wanted to do it.

Although defendant is correct that such character evidence is generally not admissible under these circumstances, " '[t]he admission of evidence which is technically inadmissible will be treated as harmless unless prejudice is shown such that a different result likely would have ensued had the evidence been excluded.' " *State v. Quick*,

329 N.C. 1, 26, 405 S.E.2d 179, 194 (1991) (citation omitted). In *Quick*, our Supreme Court held that the defendant could not show prejudice from testimony related to the victim's good character. *Id.* The Court concluded that although "the evidence against defendant was not overwhelming, we are convinced that exclusion of the witness's statement that the victim was a good man who helped people in the community would not likely have changed the result in this case." *Id.*

In the present case, we believe the evidence against defendant was, in fact, overwhelming, in light of evidence of defendant's several alcohol-related driving convictions within the past few years. As was our Supreme Court in *Quick*, we too are convinced that exclusion of Eddie Watford's testimony would not likely have changed the result in this case. Defendant has failed to show that any error was error " 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.' " *Parker*, at 427, 516 S.E.2d at 118 (citation omitted). Accordingly, this argument is rejected.

## V.

**[5]** In his fifth argument, defendant maintains he is entitled to a new trial because the trial court erroneously admitted his driving record, which detailed his prior driving convictions. Specifically, defendant argues such evidence violates N.C. Gen. Stat. § 8C-1, Rule 404(b) (1999), which provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b).

Initially, we note that although defendant excepted to the trial court's denial of his motion *in limine* regarding his driving record, defendant did not object to the introduction of his driving record at trial. Rulings on motions *in limine* "are preliminary in nature and subject to change at trial, . . . and 'thus an objection to an order granting or denying the motion "is insufficient to preserve for appeal the question of the admissibility of the evidence." ' " *State v. Hayes*, 350 N.C. 79, 80, 511 S.E.2d 302, 303 (1999) (citations omitted).

Defendant contends, however, that he reasonably relied upon the assurances of the trial court that pre-trial objections would remain in effect at trial. After ruling on another of defendant's motions *in limine*, the trial court assured defendant that his objection as to that issue would remain effective, and that he would not need to re-object at trial. When the trial court subsequently denied defendant's motion regarding his driving record, defendant objected, but did not do so again at trial.

In *State v. Gray*, 137 N.C. App. 345, 348, 528 S.E.2d 46, 48, *disc. review denied*, 352 N.C. 594, 544 S.E.2d 792 (2000), the defendant sought a standing objection to evidence discussed during motions *in limine*. The trial court in that case granted the defendant's request that the objections remain effective for trial. *Id.* We held that regardless of the trial court's ruling that the objections would remain effective at trial, "[b]ased on the established law of this State, because defendant failed to object to the admission of the evidence at the time it was offered, he has failed to preserve [the] issue for . . . review." *Id.* Nonetheless, at defendant's urging, we will review this argument for plain error.

Our Supreme Court has held:

· Rule 404(b) state[s] a clear general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.

*State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990); *see also McAllister*, 138 N.C. App. at 257, 530 S.E.2d at 863 (evidence is only excluded under Rule 404(b) if its sole probative value is to show defendant's propensity to commit the crime). " 'The admissibility of evidence under this rule is guided by two further constraints—similarity and temporal proximity.' " *State v. Barnett*, 141 N.C. App. 378, 389-90, 540 S.E.2d 423, 431 (2000) (citation omitted), *affirmed*, 354 N.C. 350, 554 S.E.2d 644 (2001).

"The demonstration of malice is a proper purpose for admission of evidence of other crimes, wrongs, or acts by the defendant." *McAllister*, 138 N.C. App. at 258, 530 S.E.2d at 863. As discussed in detail in section I of this opinion, prior driving convictions are a proper means of establishing the malice element of second degree

murder, and such admission does not violate Rule 404(b). *See Rich*, 351 N.C. at 400, 527 S.E.2d at 307.

We agree with defendant that some of the convictions contained in his driving record, dating back to 1962, are too remote in time to be probative of defendant's malice in the crime at issue. We therefore hold the trial court erred in admitting defendant's entire driving record. Nevertheless, in light of defendant's numerous convictions, including four convictions for driving while intoxicated or impaired which occurred within the approximate time-frame held to be permissible in *Miller*, we hold admission of the entire record did not prejudice defendant to the extent required under a plain error analysis. Even absent evidence of convictions which were too remote, there is ample evidence to conclude the jury would have determined defendant acted with malice.

As previously discussed, this Court in *Miller* held that convictions dating back to sixteen years prior to the crime at issue are not considered remote for purposes of Rule 404(b), however, we expressed no opinion as to whether convictions more than sixteen years prior are too remote for purposes of Rule 404(b). *See Miller*, 142 N.C. App. at 440, 543 S.E.2d at 205. In this case, defendant was convicted of the following offenses within sixteen years of the date of the offense at issue: failure to yield the right of way; illegal passing; driving while impaired with an accident resulting; refusal to submit to a chemical test; and speeding. Moreover, defendant was convicted of driving while intoxicated seventeen years prior to the crime at issue, and was convicted twice of driving while intoxicated eighteen years prior. Because these three additional convictions for driving while intoxicated occurred outside the sixteen-year time-frame of *Miller*, they are considered remote to the crime at issue.

However, it is well-established that,

remoteness in time between evidence of other crimes . . . and the charged crime is less significant when the prior conduct is used to show intent, motive, knowledge, or lack of accident [as opposed to a common scheme or plan]. Indeed, " 'remoteness in time generally affects only the weight to be given such evidence, not its admissibility.' " ·

*State v. Parker*, 354 N.C. 268, 287, 553 S.E.2d 885, 899 (2001) (citations omitted); *see also e.g., State v. Wilds*, 133 N.C. App. 195, 202, 515 S.E.2d 466, 473 (1999) (under 404(b), "remoteness in time generally

goes to the weight of the evidence rather than to its admissibility"). While the dissent argues this proposition is erroneous based upon *State v. Jones*, 322 N.C. 585, 369 S.E.2d 822 (1988), we rely on the Supreme Court's most recent statement of the law. *See Parker*, 354 N.C. at 287, 553 S.E.2d at 899. Although we agree that some of the convictions dating back to 1962 are too remote, and thus should not have been admitted, the remoteness of defendant's three convictions for driving while intoxicated occurring only one and two years outside the permissible period should go to the weight of that evidence, not its admissibility. Several of defendant's convictions, including three convictions for driving while intoxicated, one for driving while impaired which resulted in an accident, and one for refusing to submit to a chemical test, occurred within the approximate time-frame held to be permissible in *Miller*. *See Miller*, 142 N.C. App. at 440, 543 S.E.2d at 205.

In addition to these alcohol-related offenses, defendant was convicted of other traffic violations within the permissible time-frame under Rule 404(b), as set forth above. Although defendant maintains the non-alcohol-related convictions are too dissimilar to be admissible, we held in *Miller* that prior convictions for reckless driving were admissible to prove malice in the defendant's killing of another as a result of driving while impaired. *Id.* at 439, 543 S.E.2d at 204; *see also Rich*, 351 N.C. at 400, 527 S.E.2d at 307 (evidence of defendant's prior speeding violations relevant to establish defendant's malice in prosecution for second degree murder resulting from defendant's driving while impaired); *State v. Fuller*, 138 N.C. App. 481, 484, 531 S.E.2d 861, 864 (defendant's prior convictions for reckless driving, speeding and driving while license revoked admissible to establish malice element of second degree murder resulting from defendant's driving while impaired), *disc. review denied*, 353 N.C. 271, 546 S.E.2d 120 (2000). "These cases establish that a wide range of prior convictions have been held admissible to establish malice in cases where an impaired driver causes a death and is charged with second-degree murder." *Gray*, 137 N.C. App. at 349, 528 S.E.2d at 49.

In summary, we emphasize defendant's driving record was introduced for the permissible purpose of proving malice. The trial court properly instructed the jury as follows:

[T]he state has introduced into evidence defendant's prior traffic violations and the jury can consider such evidence to establish a pattern of reckless and inherently dangerous conduct to substan-

tiate malice and to show the absence of accident. You may not convict the defendant in this case because of something he may have done in the past but you may consider his prior record to establish a pattern of reckless and inherently dangerous conduct to substantiate malice . . . .

Defendant's driving record was not offered to show his propensity to commit the crime charged, and its admission therefore does not violate Rule 404(b). Although we agree that the entire driving record should not have been admitted due to concerns of temporal proximity, to the extent three convictions for driving while intoxicated occurred only one and two years outside of the permissible time-frame set forth in *Miller*, the jury must assess the weight and credibility to afford that evidence. Further, defendant's prior non-alcohol-related driving convictions, such as failing to yield the right of way, illegal passing, reckless driving, and speeding, are not too dissimilar to be probative of a pattern of recklessness and inherently dangerous conduct which could substantiate defendant's malice in the present case.

Even excluding evidence of defendant's convictions prior to eighteen years before the conviction at issue, there is ample evidence to conclude the jury would have found defendant acted with malice. Defendant cannot therefore establish that a different result would have occurred absent any error. He has failed to show plain error, and this argument is therefore overruled.

## VI.

[6] In his final argument, defendant contends he is entitled to a new sentencing hearing because the State failed to prove his prior convictions with competent evidence, and therefore, the trial court's finding of defendant's prior record level is not supported by the evidence. Specifically, defendant argues the State failed to prove defendant's prior convictions as required by N.C. Gen. Stat. § 15A-1340.14(f) (1999):

A prior conviction shall be proved by any of the following methods:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f). The statute further provides that the State "bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f). Originals or copies of court records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts constitute *prima facie* evidence of a prior conviction. N.C. Gen. Stat. § 15A-1340.14(f). "The prosecutor shall make all feasible efforts to obtain and present to the court the offender's full record." *Id.*

In the present case, the State did not offer into evidence any document which tended to prove that defendant had been convicted of the prior crimes. The State submitted its prior record level worksheet in which it calculated defendant's record level based upon his prior convictions. Defendant objected to the worksheet, contending that not all convictions listed on the worksheet were correct. Although the prosecutor stated that the worksheet was based upon a criminal information printout which she had and which she provided to defense counsel, it does not appear from the record that the State ever offered the printout into evidence and to the trial court. The trial court sentenced defendant based upon the information provided by the State's unverified prior record level worksheet.

We hold that the State failed to prove by a preponderance of the evidence that defendant was the same person convicted of the prior crimes listed on his prior record level worksheet. Indeed, the State did not submit any evidence tending to prove that fact. Although we recognize that the trial court can accept any method of proof which it deems reliable, the trial court in this case made no findings regarding the reliability of the information provided by the State.

The requirements of proving a prior conviction are not stringent. *See State v. Rich*, 130 N.C. App. 113, 116, 502 S.E.2d 49, 51 (computerized printout containing record of defendant's criminal history as maintained by the Division of Criminal Information sufficiently reli-

able to prove defendant's prior convictions under N.C. Gen. Stat. § 15A-1340.14(f)), *disc. review denied*, 349 N.C. 374, 516 S.E.2d 605 (1998); *State v. Ellis*, 130 N.C. App. 596, 598, 504 S.E.2d 787, 789 (1998) (certified computer printout from Administrative Office of the Courts sufficiently reliable to prove defendant's prior conviction), *cert. denied*, 352 N.C. 151, 544 S.E.2d 231 (2000). Nevertheless, we believe the law requires more than the State's unverified assertion that a defendant was convicted of the prior crimes listed on a prior record level worksheet.

This case is remanded for a resentencing hearing, at which the State shall prove defendant's prior convictions by a preponderance of the evidence using any method allowable under N.C. Gen. Stat. § 15A-1340.14(f) or which the trial court deems reliable. Defendant's conviction for second degree murder is undisturbed.

No error in part; remanded for resentencing.

Judge TYSON concurs.

Judge GREENE dissents in a separate opinion.

GREENE, Judge, dissenting.

The majority holds that although the trial court erred in admitting defendant's entire driving record, the "admission of the entire record did not prejudice defendant to the extent required under a plain error analysis." I disagree.

I agree that prior driving convictions of a defendant are admissible to show malice, and the showing of malice in a second-degree murder case is a proper purpose within the meaning of Rule 404(b). The admissibility of any evidence under Rule 404(b), however, is guided by two "constraints—similarity and temporal proximity." *State v. Lynch*, 334 N.C. 402, 412, 432 S.E.2d 349, 354 (1993).

Rule 404(b) evidence is limited by a temporal proximity requirement because even though offenses may be similar, if they "are distanced by significant stretches of time, commonalities become less striking, and the probative value of the analogy attaches less to the acts than to the character of the actor," a purpose for which 404(b) evidence is excluded. *State v. Artis*, 325 N.C. 278, 299, 384 S.E.2d 470, 481 (1989), *sentence vacated on other grounds*, 494 U.S. 1023,

108 L. Ed. 2d 604 (1990). Moreover, after the passage of time, the "[a]dmission of other crimes . . . allows the jury to convict [a] defendant because of the kind of person he is, rather than because the evidence discloses, beyond a reasonable doubt, that he committed the offense charged." *State v. Jones*, 322 N.C. 585, 590, 369 S.E.2d 822, 824 (1988). Thus, "the passage of time must play an integral part in the balancing process to determine admissibility." *Id.* at 590, 369 S.E.2d at 825. To relegate the remoteness question to one of "weight" and not of "admissibility," as the majority does in this case, decimates Rule 404(b) and the fundamental principles on which it is based, and thus is contrary to *Jones*. *Id.* (Supreme Court specifically rejects argument that "lapse of time between prior occurrences and the offenses charged goes only to the weight and credibility").

In this case, the admission of defendant's driving record dating back to 1962 (some 37 years) violates the temporal proximity requirement of Rule 404(b) and thus constitutes error. Although defendant has six prior driving while impaired convictions dating back to 1962, only one of those occurred in the sixteen years prior to the crime at issue and none within the eight years prior to the crime at issue.[1] Furthermore, defendant's driving record contained convictions older than sixteen years of reckless driving, driving while license suspended, hit and run with property damage, unsafe moving violations, speeding, driving too fast for conditions, and driving on the wrong side of the road. This error is of a fundamental nature and, in my opinion, had a "probable impact on the jury's finding of guilt" and thus constitutes plain error. *State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 379 (1983). From the record, it appears the jury had difficulty in determining whether defendant had acted with malice because during · its deliberations, the jury requested to have the definition of malice read twice. The jury later requested the trial court permit it to have a written definition of malice along with defendant's driving record to consider during its deliberations. Accordingly, I would grant defendant a new trial.

---

1. Although I am bound by this Court's holding in *State v. Miller*, 142 N.C. App. 435, 440, 543 S.E.2d 201, 205 (2001), that driving convictions dating back sixteen years are admissible to prove malice, any conviction dating beyond sixteen years, however slight, runs afoul of the temporal proximity requirement of Rule 404(b).