STATE OF NORTH CAROLINA v. ROGER WAYNE EDWARDS

No. COA04-668

(Filed 17 May 2005)

## 1. Evidence— prior crimes or bad acts—driving convictions— malice

The trial court did not err in a second-degree murder case by admitting into evidence defendant's prior driving convictions for driving while impaired (DWI) and driving while license revoked (DWLR) as evidence of malice to support the second-degree murder charge, because: (1) prior driving convictions of a defendant are admissible to show malice and the showing of malice in a second-degree murder case is a proper purpose within the meaning of N.C.G.S. § 8C-1, Rule 404(b); (2) although our Supreme Court agreed in *State v. Wilkerson*, 356 N.C. 418 (2002), that evidence of prior convictions could only be considered as probative of knowledge and intent, our appellate courts have consistently treated driving convictions offered to prove the requisite state of mind for a second-degree murder conviction separately when interpreting Rule 404(b); and (3) although defendant contends the DWLR convictions were insufficiently similar to be relevant under Rule 404(b), prior convictions for traffic offenses other than DWI are admissible to establish malice in a prosecution of a defendant for DWI resulting in the death of another person.

## 2. Evidence— empty prescription pill bottle—circumstantial evidence of impairment

The trial court did not err in a hit and run and second-degree murder case by admitting into evidence an empty prescription pill

bottle, testimony of an officer identifying the pills from the label, and a pharmacist's testimony about the interaction between these pills and alcohol, because: (1) the pill bottle and the testimony concerning the drug "Alprazolom" was circumstantial evidence of defendant's impairment on the day of the collision; and (2) defendant failed to show plain error or how exclusion of this evidence would have resulted in a different outcome at trial given the facts that defendant admitted he was taking pills, that defendant possessed an empty prescription pill bottle which was discovered by an officer during the search incident to his arrest, and defendant acted surprised when the officer informed him that the bottle was empty.

Appeal by defendant from judgment entered 14 November 2003 by Judge Dennis Winner in Gaston County Superior Court. Heard in the Court of Appeals 12 January 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Patricia A. Duffy, for the State.*

*Don Willey for defendant-appellant.*

ELMORE, Judge.

Roger Wayne Edwards (defendant) was indicted on charges of driving while impaired (DWI), hit and run, and second degree murder. The events giving rise to these charges occurred on 16 November 2002. At approximately 11:15 a.m. that morning, defendant arrived at a Great Clips hair salon in Gastonia. Kim Snell, a stylist at the salon, testified that defendant's eyes were red and glassy, he was unsteady on his feet, and his speech was slurred. While Ms. Snell was cutting defendant's hair, defendant told her that he had a fruit juice bottle with him that had vodka in it. Ms. Snell testified that defendant offered her a drink from this bottle and also offered her pills which he said he was taking. When defendant stood up, he was still walking unsteadily, "staggering and kind of bumping into things, walking side to side." Defendant walked outside towards a green SUV in the parking lot, but then reentered the store and complained to Ms. Snell about his haircut. Rita Sue Cloniger, a customer, had entered the store and observed defendant as he walked back in. She testified that defendant appeared very disoriented. After defendant again walked out of the store, Ms. Cloniger read the tag number from his vehicle and reported it to Ms. Snell, who called 911.

STATE v. EDWARDS

[170 N.C. App. 381 (2005)]

Defendant drove off from the parking lot towards a nearby intersection. Another motorist, Larry Grier, was stopped at this intersection when he noticed a green SUV coming up behind him at a high rate of speed. Mr Grier eased off his brake and moved forward into the intersection, but the green SUV hit him from behind. Both Mr. Grier and defendant got out of their vehicles to inspect the damage, and defendant asked Mr. Grier about the damage. During this time, Mr. Grier noticed a strong odor of alcohol on defendant's breath. Mr. Grier returned to his vehicle to call the police, but defendant then left the scene. Officer Aaron R. Wurster of the Gastonia Police Department responded to this call at approximately 12:50 p.m. and, based upon the description of defendant's vehicle provided by Mr. Grier, ordered a broadcast notification to other law enforcement officers.

Officer Wurster received another call at approximately 2:26 p.m. that same afternoon. He was dispatched to a collision involving a green SUV vehicle, a black passenger vehicle, and a pickup truck. Mr. Riverro Burns was driving this black passenger vehicle accompanied by two passengers, Ms. Sherrice Burns and Ms. Burns' daughter Jasmine. Mr. Burns began to turn left onto New Hope Road from an I-85 exit, but his vehicle was suddenly hit hard from behind and spun around.

Mr. Burns was knocked unconscious and Ms. Burns observed that Jasmine's head was dangling and blood was coming from her nose and mouth. After medical assistance arrived for Jasmine, Officer Wurster approached defendant's vehicle and spoke to defendant through the driver's side window. Officer Wurster testified that he immediately observed a strong odor of alcohol and that defendant's eyes were red and glassy. Defendant stumbled as he stepped out of his vehicle, and defendant handed over his entire wallet when asked for his driver's license. Officer Wurster arrested defendant and then conducted a search of defendant's outer clothing, during which he found an empty prescription bottle in defendant's jacket pocket. Officer Wurster transported defendant to a treatment room at a nearby hospital, where he read defendant his chemical analysis rights. Defendant was combative and refused to give a blood sample.

Jasmine was eventually air-lifted to Carolinas Medical Center in Charlotte and treated in the pediatric intensive care unit. Dr. Edwin S. Young testified that Jasmine suffered severe blunt trauma to her head with swelling of the brain. Despite surgery the day following the collision, Jasmine died several days later on 23 November 2002.

Defendant's trial began on 10 November 2003 in Gaston County Superior Court. On 14 November 2003 the jury returned guilty verdicts on all charges. The trial court sentenced defendant to 120 days imprisonment for the hit and run; sentenced defendant to 248 months to 307 months for the second degree murder, to begin at the expiration of the sentence imposed on the hit and run conviction; and arrested judgment on the DWI conviction. Defendant gave notice of appeal from these judgments in open court.

[1] First, defendant argues that the trial court erred in admitting into evidence defendant's prior driving convictions. Over objection from defendant, the court admitted a certified copy of defendant's DMV driving record listing his prior convictions for DWI and driving while license revoked (DWLR). The court also admitted, again over defendant's objection, testimony of the Gaston County Deputy Clerk of Superior Court establishing defendant's convictions on file. Defendant did not testify, and thus the State did not offer the convictions as impeachment under Rule 609. Rather, the State argued that the evidence of defendant's driving convictions was relevant to show malice to support the second degree murder charge. Defendant contends that the convictions alone, without evidence of the facts and circumstances supporting them, are not relevant to malice under Rule 404(b).

Our Supreme Court addressed the admissibility of driving convictions as evidence of malice in a second degree murder prosecution in *State v. Goodman*, 357 N.C. 43, 577 S.E.2d 619 (2003) (*per curiam*) (reversing the opinion of the Court of Appeals based upon reasons stated in the dissenting opinion). There, the trial court admitted the defendant's driving record, which contained prior driving convictions dating back to 1962. This Court found that the trial court erred in admitting the entire driving record because several of the convictions were too remote in time to satisfy the temporal proximity requirement of Rule 404(b). *See Goodman*, 149 N.C. App. 57, 68, 560 S.E.2d 196, 203 (2002), *rev'd*, 357 N.C. 43, 577 S.E.2d 619 (2003). Nonetheless, the Court held that the error "did not prejudice defendant to the extent required under a plain error analysis" because there was ample evidence from which the jury could find the defendant acted with malice. *Id.* Judge Greene dissented, arguing that the admission of the driving record containing stale convictions constituted plain error. *Id.* at 72-73, 560 S.E.2d at 206 (Greene, J., dissenting). Only one of the defendant's six prior DWI convictions occurred within sixteen years of the crime, the longest time period approved by

this Court as consistent with the temporal proximity restriction. *See State v. Miller*, 142 N.C. App. 435, 440, 543 S.E.2d 201, 205 (2001) (driving conviction sixteen years from time of incident not too remote under Rule 404(b)).

In reversing the majority opinion, the Supreme Court did not criticize *Miller*, or any other previous cases where driving convictions were admitted under Rule 404(b). *See, e.g., State v. Rich*, 351 N.C. 386, 527 S.E.2d 299 (2000) (trial court properly admitted driving record of defendant containing previous convictions because this evidence was relevant to establish defendant's "depraved heart" on night of collision). Rather, by adopting the dissent by Judge Greene, the Supreme Court agreed that "prior driving convictions of a defendant are admissible to show malice, and the showing of malice in a second-degree murder case is a proper purpose within the meaning of Rule 404(b)." *Goodman*, 149 N.C. App. at 72, 560 S.E.2d at 206 (Greene, J., dissenting).

Defendant argues, nonetheless, that the admissibility of his prior convictions is governed by *State v. Wilkerson*, 356 N.C. 418, 571 S.E.2d 583 (2002) (*per curiam*) (reversing opinion of Court of Appeals based upon the reasons stated in the dissent). In *Wilkerson*, the Deputy Clerk of Court testified that the defendant had prior convictions on file for possession of cocaine and sale or delivery of cocaine, and two law enforcement officers testified to the circumstances of these prior crimes. *See Wilkerson*, 148 N.C. App. 310, 311, 559 S.E.2d 5, 6, *rev'd*, 356 N.C. 418, 571 S.E.2d 583 (2002). The trial court instructed the jury that evidence of prior convictions could only be considered as probative of knowledge and intent, and a majority of this Court found no error. *Id.* at 314, 559 S.E.2d at 8. In dissent, Judge Wynn concluded that the testimony of the law enforcement officers was properly admitted, but that the admission of testimony by the Deputy Clerk was reversible error:

> Under Rule 404(b), 'evidence of other crimes' may be admitted for certain purposes; thus, in this case the 'evidence of other crimes' testimony of [law enforcement officers] was properly admitted in proof of an enumerated purpose under 404(b). In contrast, the bare testimony of [the Deputy Clerk] establishing only that defendant had been convicted of a prior crime, is not admissible under 404(b) as that bare conviction meets none of the enumerated purposes under that rule. Rather, Rule 609 allows evidence of 'prior convictions' to impeach a testifying defendant.

Since the defendant in this case did not testify, I believe that the trial court committed prejudicial error in allowing [the Deputy Clerk's] testimony of defendant's prior convictions under Rule 404(b), and that the majority's opinions blurs the distinction between Rule 404(b) and Rule 609.

*Id.* at 319, 559 S.E.2d at 11 (Wynn, J., dissenting).

As our Supreme Court agreed with the dissent's analysis without providing any further explanation, the interpretation of Rule 404(b) in Judge Wynn's dissent is the generally applicable standard in reviewing the admissibility of convictions offered under this Rule. *See id.* However, this Court, and our Supreme Court in *Goodman*, have consistently treated driving convictions offered to prove the requisite state of mind for a second degree murder conviction separately when interpreting Rule 404(b). *See, e.g., Rich*, 351 N.C. at 400, 527 S.E.2d at 306-07; *Miller*, 142 N.C. App. at 440, 543 S.E.2d at 205; *State v. Fuller*, 138 N.C. App. 481, 486, 531 S.E.2d 861, 865, *disc. review denied*, 353 N.C. 271, 546 S.E.2d 120 (2000); *State v. McAllister*, 138 N.C. App. 252, 258-59, 530 S.E.2d 859, 863 (2000); *State v. Grice*, 131 N.C. App. 48, 53, 505 S.E.2d 166, 169-70 (1998), *disc. review denied*, 350 N.C. 102, 533 S.E.2d 473 (1999); *State v. McBride*, 109 N.C. App. 64, 69, 425 S.E.2d 731-34 (1993). *Wilkerson* did not alter this Court's precedent involving traffic convictions in second degree murder cases. *See Wilkerson*, 148 N.C. App. at 327-28, 559 S.E.2d at 16 (Wynn, J., dissenting).

Defendant argues in the alternative that, even if the DWI convictions were admissible, the DWLR convictions were insufficiently similar to be relevant under Rule 404(b). This argument also fails, as our appellate courts have held that prior convictions for traffic offenses other than driving while impaired are admissible to establish malice in a prosecution of a defendant for driving while impaired resulting in the death of another person. *See Rich*, 351 N.C. at 400, 527 S.E.2d at 307 (prior convictions for speeding probative of malice in second degree murder prosecution where State produced evidence of defendant's impairment at time of collision); *Miller*, 142 N.C. App. at 439-40, 543 S.E.2d at 204 (prior convictions for careless and reckless driving admissible to show malice in second degree murder prosecution based upon defendant's driving while impaired); *Fuller*, 138 N.C. App. at 484, 531 S.E.2d at 864 (prior convictions for reckless driving, speeding, and *driving while license revoked* relevant to malice where State's evidence tended to show defendant's impairment at time of incident). Accordingly, we find no error in admitting defendant's driving record and the Deputy Clerk's testimony concerning defendant's

prior convictions for DWI and DWLR. Defendant's assignment of error is overruled.

[2] Next, defendant contends that the trial court committed plain error in admitting evidence of: an empty prescription pill bottle, testimony by Officer Wurster identifying the pills from the label, and testimony by pharmacist Billy Wease about the interaction between these pills and alcohol. Defendant asserts that this evidence was irrelevant and immaterial. We disagree. The pill bottle and the testimony concerning the drug "Alprazolom" identified on the label was circumstantial evidence of defendant's impairment on the day of the collision. Moreover, although defendant cites the correct standard for plain error review, he fails to argue how exclusion of this evidence would have resulted in a different outcome at trial. Indeed, the evidence at trial established that defendant admitted to Ms. Snell that he was taking pills; that defendant possessed an empty prescription pill bottle which was discovered by Officer Wurster during the search incident to defendant's arrest; and that defendant acted surprised when Officer Wurster informed him that the bottle was empty. Thus, defendant has failed to show plain error. *See State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 378-79 (1983).

No error.

Judges McCULLOUGH and LEVINSON concur.