STATE OF NORTH CAROLINA, Plaintiff,
v.
TOM McCALL, Defendant.
No. COA07-1252
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Christopher W. Brooks, for the State.
D. Tucker Charns, for defendant-appellant.
STROUD, Judge.
Defendant appeals from judgments entered on or about 4 April 2007 following his convictions for two counts of second degree murder and for driving while license revoked. For the reasons stated below, we find no error.
The State introduced evidence at trial tending to show the following: On 27 January 2005, defendant hit a bridge with his car. Billy Batten ("Mr. Batten") and Chantel Strickland ("Ms. Strickland") were passengers in the vehicle. Mr. Batten died at the scene, and Ms. Strickland died shortly after the accident. During an investigation at the scene, Trooper M.E. Campbell ("Trooper Campbell") found a beer can on the driver's side floorboard of the vehicle. Trooper Campbell observed tire impressions that began after the vehicle was coming out of a curve and continued straight for 68.2 feet to the bridge. Trooper Campbell discovered a temporary license plate which had been altered on the vehicle.
Trooper Campbell continued his investigation at the hospital where defendant was being treated for his injuries. Trooper Campbell observed that defendant had a strong odor of alcohol and glassy eyes. In Trooper Campbell's opinion, defendant was impaired when he was operating the vehicle. Defendant submitted to a blood test, and the analysis revealed that defendant had a blood-alcohol content of 0.29. Trooper Campbell charged defendant with driving while impaired and driving while license revoked. The trial court denied defendant's motion to dismiss the charges which he made at the close of the State's evidence.
Defendant then introduced evidence tending to show the following: At approximately 1:30 on 27 January 2005, defendant began consuming what would be a total of ninety-six ounces of malt liquor while doing his laundry. At approximately 3:00, Ms. Strickland and Mr. Batten walked over to defendant's home. Mr. Batten asked defendant to take them to the ABC store. Although his driver's license was revoked, defendant agreed to take them. Defendant drank a twenty-four-ounce malt beer on the way, and Ms. Strickland purchased a fifth of vodka.
On the way home, defendant, Mr. Batten, and Ms. Strickland stopped for approximately fifteen minutes to visit Mr. Batten's grandchild. While visiting, defendant took two or three "swigs" of the vodka. When they returned to the car, Mr. Batten sat in the back seat and Ms. Strickland sat in the front passenger seat. Defendant testified that Ms. Strickland was angry because Mr. Batten would not give her the vodka. Ms. Strickland wanted defendant to stop the vehicle so that she could get the vodka and reached over and grabbed the steering wheel. Defendant attributed the wreck to Ms. Strickland's actions. Defendant and three other witnesses testified about other occasions when Ms. Strickland had either grabbed or attempted to grab the steering wheel of a moving vehicle.
Defendant renewed his motion to dismiss the charges at the close of all the evidence, and the trial court denied the motion. During the charge conference, defendant requested that the trial court instruct the jury on misdemeanor death by motor vehicle. The trial court denied the request. After the jury found defendant to be guilty of the four charges, the trial court imposed consecutive sentences of 120 days for driving while license revoked, 180 to 225 months for one count of second degree murder, and 180 to 225 months for the other count of second degree murder. The trial court arrested judgment on the conviction for driving while impaired. From the trial court's judgments, defendant appeals.
In his first argument, defendant contends the trial court erred by denying his motion to dismiss the charges of second degree murder because the State failed to prove proximate cause. Defendant argues there was "no evidence that . . . [defendant] had any difficulty driving a car on the day of the collision[;]" defendant asserts the collision occurred because "Ms. Strickland tragically followed her habit of grabbing a steering wheel when she was upset." Defendant's argument is not persuasive.
"Upon a motion for dismissal, the trial court must determine whether there is substantial evidence of each element of the charged offenses[.]" State v. Vines, 317 N.C. 242, 253, 345 S.E.2d 169, 175 (1986). In doing so the trial court is to consider the evidence in the light most favorable to the State and to give the State the benefit of "every reasonable inference" to be drawn from that evidence. State v. Robbins, 309 N.C. 771, 775, 309 S.E.2d 188, 190 (1983) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "[I]f the State has offered substantial evidence against defendant of every essential element of the crime charged[,]" defendant's motion to dismiss must be denied. State v. Porter, 303 N.C. 680, 685, 281 S.E.2d 377, 381 (1981).
Second degree murder "is the unlawful killing of a human being with malice but without premeditation and deliberation." State v. Flowers, 347 N.C. 1, 29, 489 S.E.2d 391, 407 (1997), cert. denied, 522 U.S. 1135, 140 L.Ed. 2d 150 (1998); see also N.C. Gen. Stat. § 14-17 (2005). "[T]he State must establish that the act of the accused was a proximate cause of the death[,]" but "'the act of the accused need not be the immediate cause of the death. He is legally accountable if the direct cause is a natural result of the criminal act.'" State v. Jones, 290 N.C. 292, 298, 225 S.E.2d 549, 552 (1976) (citations and quotation marks omitted).
Defendant here admitted he was driving with a revoked driver's license at the time of the collision. His blood-alcohol content was 0.29. The tire impressions from where the vehicle came out of a curve were straight and extended 68.2 feet to the point of impact with the bridge. When viewed in the light most favorable to the State, there was substantial evidence of proximate cause to support the trial court's denial of defendant's motion to dismiss the charges of second degree murder. See Vines at 253, 345 S.E.2d at 175; Robbins at 775, 309 S.E.2d at 190.
In his second argument, defendant contends the trial court erred by denying his request for a jury instruction on the lesser included offense of misdemeanor death by vehicle. While acknowledging this Court's ruling to the contrary in State v. Goodman, 149 N.C. App. 57, 560 S.E.2d 196 (2002), reversed on other grounds and disc. review improvidently allowed, 357 N.C. 43, 577 S.E.2d 619 (2003), defendant nevertheless asserts that "it cannot be known with certainty what this jury would have done" had this instruction been given. We disagree.
In Goodman, this Court noted that "misdemeanor death by vehicle is a lesser included offense of involuntary manslaughter." Goodman at 63, 560 S.E.2d at 200. After observing that "the jury [had] rejected involuntary manslaughter in favor of second degree murder," this Court reasoned that the jury "would also have rejected the lesser offense of misdemeanor death by vehicle." Id.at 63, 560 S.E.2d at 200-01. Defendant here has failed to distinguish the Goodman decision, and we therefore find no error by the trial court in denying the requested jury instruction. See id.
NO ERROR.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).